IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHERRY LUCKERT, Personal Representative of the Estate of Troy Sampson, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:07CV5010 |
| v. | ) ) | |
| DODGE COUNTY, a Nebraska Political Subdivision, and DOES 1-5, in their individual and official capacities, | ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the court on the motion to dismiss of defendants Does 1-5. Filing No. 11. Sherry Luckert, Personal Representative of the Estate of Troy Sampson, brings this lawsuit on behalf of the deceased plaintiff. On August 10, 2006, Sampson died by hanging while incarcerated in the Dodge County Jail in Nebraska. Plaintiff identifies Does 1-5 as Dodge County correctional officers, jailers, and/or law enforcement officers who were liable for their specific actions in both their individual and official capacities. Plaintiff claims the defendants knew Troy Sampson was mentally ill and suicidal and belonged on suicide watch. The complaint alleges that these defendants acted with deliberate indifference to his medical needs. Defendants allege that plaintiff's complaint fails to state a claim against them pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that liability under 42 U.S.C. § 1983 cannot be premised solely on a person's supervisory or employer status.

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules

require a "'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. —, — , 127 S. Ct. 1955, 1964 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* — U.S. —, — , 127 S. Ct. 2197, 2200 (*quoting Bell Atlantic,* 550 U.S. at —,127 S. Ct. at 1964). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his/her entitlement to relief necessitates that the complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic,* 550 U.S. at —,127 S. Ct. at 1965.

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *Id.* "On the assumption that all the allegations in the complaint are true (even if doubtful in fact)," the allegations in the complaint must "raise a right to relief above the speculative level." *Id.* at 1965. In other words, "the complaint must plead enough facts to state a claim for relief that is plausible." *Sanderson v. C.I.R.,* 231 F. App'x. 534, 535 (8th Cir. 2007) (not designated for publication). Thus, the court must find "enough factual matter (taken as true) to suggest" that "discovery will reveal evidence" of the elements of the claim. *See Bell Atlantic,* — U.S. at —,127 S. Ct. at 1966; *Dura Pharms., Inc. v. Broudo,* 544 U.S. 336, 347 (2005) (explaining that something beyond a faint hope that the discovery process might lead eventually to some plausible cause of action must be alleged). When the allegations in a complaint, however true, could not raise a claim of entitlement to relief, the complaint should be dismissed for failure to set a claim under Fed. R. Civ. P. 12(b)(6). *Bell Atlantic,* — U.S. at —, 127 S. Ct. at 1966.

Defendants are employed by Dodge County. They argue the complaint fails to identify with specificity the defendants in this lawsuit. Defendants contend that liability cannot be invoked simply because the person is a supervisor or employee, because there must be some direct participation in the act that deprives the plaintiff of a constitutional right. *Monell v. Department of Soc. Services*, 436 U.S. 658, 692-93 (1978). Further, argue defendants, the complaint must state facts and not be conclusory. *Springdale Educ. Ass'n v. Springdale School Dist.*, 133 F.3d 649 (8th Cir. 1998). Defendants also argue that the facts are so insufficient that a summons cannot be served on these unidentified Doe defendants.

The court finds that the complaint adequately sets forth a claim for relief under § 1983 for purposes of this motion to dismiss. It is also clear to the court that if allowed to proceed, the discovery process will enable plaintiff to determine the identity of Does 1-5 and to adequately serve these defendants. In that regard, the court is going to request the magistrate judge in this case set up a discovery process that will allow plaintiff to quickly access those materials that will permit her to identify, name, and serve the defendants in this case currently identified as Does 1-5.[1] If need be, the plaintiff may file a motion to amend the complaint following this discovery process.

THEREFORE, IT IS ORDERED that:

1. Defendants' motion to dismiss, Filing No. 11, is denied.

---

[1] It appears from plaintiff's brief that Sampson's prison record was requested and such request refused. The court is certain that the identity of those who should be named in this lawsuit will be easily obtainable through the initial discovery process.

2.  The magistrate judge in this case is ordered to set up a discovery process that will allow the plaintiff to quickly access those materials that will permit her to identify, name, and serve the defendants in this case currently identified as Does 1-5.

DATED this 29th day of January, 2008.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge