IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **SHERRY LUCKERT, Personal Representative of the Estate of Troy Sampson, Deceased,** ) ) ) ) | 8:07CV5010 |
| Plaintiff, ) ) | ORDER |
| v. ) ) | |
| **COUNTY OF DODGE, a Nebraska Political Subdivision, et al.,** ) ) ) | |
| Defendants. ) | |

    This matter is before the court on the plaintiff's Motion for Extension of Time and Motion to Lift Stay of Discovery (Filing No. 44).¹ The plaintiff filed an index of evidence (Filing No. 47) in support of the motion. The defendants filed a brief (Filing No. 48) in opposition to the motion. The plaintiff did not file a reply.

    Previously, the defendants sought an order shielding them from discovery pending a ruling on their Motion for Summary Judgment (Filing No. 36). The defendants' motion for summary judgment challenges the plaintiff's complaint on the basis of qualified immunity, for the individual defendants. Accordingly, the court found the defendants had shown good cause for a stay until the merits of the dispositive motion were resolved. **See** Filing No. 41.

    Currently, the plaintiff seeks an extension of time to respond to the motion for summary judgment to complete certain discovery. The motion for summary judgment is based, in part, on affidavits from the named defendants. The plaintiff states such evidence includes facts in the exclusive knowledge of the defendants. Since the plaintiff has been unable to depose the defendants or conduct other discovery, the plaintiff may have no way to refute the evidence. Specifically, the plaintiff seeks a 180-day extension of time to

---

    ¹ As a convenience, this document contains certain cross-document hyperlinks to documents previously filed. This document also contains links to the Nebraska local rules and legal citation from the federal reporters. The hyperlinked documents appear in blue underlined text. Except with regard to the local rules, access to the hyperlinked material is subject to fees pursuant to user agreements. The hyperlinks may be accessed without PACER fees by use of the public computer terminal in the Clerk's office.

respond to the motion for summary judgment to depose the named defendants and others, and for the defendants to provide answers to previously served discovery requests.

The defendants oppose the plaintiff's motion on two grounds.  First, the defendants note the plaintiff did not oppose the defendants' earlier motion to stay discovery when the summary judgment motion was filed.  Accordingly, the defendants contend the plaintiff has waived any objection to the stay.  Second, the defendants contend additional discovery is unwarranted under the law and unnecessary on the facts.  In the alternative, the defendants argue the discovery sought is overly broad with respect to the summary judgment motion.  The defendants ask that if discovery is allowed, such discovery be limited to the issues surrounding qualified immunity that is, the plaintiff should be limited to deposing the named defendants in this action as to what they knew and what their actions were with respect to Mr. Sampson's risk of suicide and ultimate suicide while in Dodge County custody.

The court finds that based on the circumstances of this case partially lifting the stay for limited discovery is appropriate.  Generally, "qualified immunity operates to protect governmental officials from both the burdens of trial and discovery." *Lovelace v. Delo*, 47 F.3d 286, 287 (8th Cir. 1995) (**citing** *Harlow v. Fitzgerald*, 457 U.S. 800, 814, 817-18 (1982)).  To prevent summary judgment, the plaintiff must show a material fact in dispute about whether the defendants were deliberately indifferent to the deceased known risk of suicide.  **See** *Yellow Horse v. Pennington County*, 225 F.3d 923, 927 (8th Cir. 2000).  Thus, in this case the information sought by the plaintiff from the defendants addresses the heart of the qualified immunity issues raised in the summary judgment motion.  **Compare** *Duffy v. Wolle*, 123 F.3d 1026 (8th Cir. 1997) (denying plaintiff additional discovery where the affidavits of the defendants did not address prima facie claim).  Accordingly, it appears limited discovery related to the issue of qualified immunity will aid the plaintiff and this court in resolving the defendants' motion for summary judgment.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion for Extension of Time and Motion to Lift Stay of Discovery (Filing No. 44) is granted, in part, and denied, in part.

     2.       The plaintiff shall have an additional 120 days, **until November 17, 2008**, to file any opposition to the defendants' Motion for Summary Judgment ([Filing No. 36](#)).

     3.       The stay of discovery is lifted to allow discovery on the issue of qualified immunity as raised in the defendants' motion for summary judgment.

Dated this 17th day of July, 2008.

                                         BY THE COURT:

                                         s/Thomas D. Thalken
                                         United States Magistrate Judge