IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHERRY LUCKERT, Personal Representative of the Estate of Troy Sampson, Deceased, | ) ) ) ) | 8:07CV5010 |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| COUNTY OF DODGE, a Nebraska Political Subdivision, et al., | ) ) ) | |
| Defendants. | ) | |

This matter is before the court on the plaintiff's Motion for Clarification and Extension of Time (Filing No. 60). The plaintiff filed an index of evidence (Filing No. 61) in support of the motion. The defendants filed a brief (Filing No. 62) and an index of evidence (Filing No. 63) in opposition to the motion. The plaintiff did not file a reply.

Previously, the defendants sought an order shielding them from discovery pending a ruling on their Motion for Summary Judgment (Filing No. 36). The defendants' motion for summary judgment challenges the plaintiff's complaint on the basis of qualified immunity, for the individual defendants. Accordingly, the court found the defendants had shown good cause for a stay until the merits of the dispositive motion were resolved. **See** Filing No. 41. The defendants' motion had been unopposed. However, on July 17, 2008, the court granted, in part, the plaintiff's request for a partial lift of the stay of discovery and extended the deadline for the plaintiff to file a response to the motion for summary judgment. **See** Filing No. 49.

Currently, the plaintiff seeks clarification of the court's July 17, 2008 order and additional time to respond to the motion for summary judgment after completing certain discovery. After entry of the court's order, the plaintiff noticed depositions of the defendants and one other to take place on October 7 and 8, 2008. **See** Filing Nos. 50-59. The plaintiff states that in preparation for the depositions, counsel realized the defendants had failed to respond to discovery requests and interrogatories. The defendants did not

oppose the depositions, but contend the written discovery requested does not fall within the scope of discovery contemplated by the July 17, 2008 order.

Based on the evidence before the court, counsel for the parties conferred in a limited attempt to resolve this issue prior to the plaintiff filing the instant motion. The plaintiff's counsel contacted counsel for the defendants on September 30, 2008. **See** Filing No. 63, Ex. A - Chaloupka e-mail. The plaintiff's counsel stated she had not received discovery responses, but needed the responses prior to the upcoming depositions. *Id.* On October 1, 2008, the defendants' counsel responded stating the defendants understood the court's order to allow the depositions regarding qualified immunity only, but if there was certain requests which were relevant to that issue counsel could discuss it. *Id.* Ex. B - Tomka e-mail. On October 2, 2008, the plaintiff's counsel responded by stating the depositions would likely need to be postponed and counsel "will probably disagree" on the scope of discovery, so counsel would just file a motion with the court. *Id.* Ex. C - Chaloupka e-mail. Later that day, counsel exchanged additional correspondence attempting to clarify the issues. *Id.* Ex. D. Ultimately, the plaintiff decided to postpone the depositions pending the outcome of the instant motion, which was filed shortly thereafter.

The plaintiff attached the disputed discovery requests to the motion and grouped them into five categories, which were briefly described:

| | |
|---|---|
| Requests for Production 7 - 14 | Requests for personnel files of Defendants, which would indicate whether Defendants have any history of difficulty in complying with jail policies and procedures |
| Interrogatories 13 - 14, 19<br>Request for Production 17 | Requests for other incidents reflecting that jail staff failed to supervise inmates, thereby placing at risk the safety of others |
| Interrogatories 15 - 17, 21 - 25<br>Request for Production 15 - 16, 21, 32 | Requests for the various standards that would apply to the supervision of inmates demonstrating whether staffing procedures were adequate |
| Interrogatory 26, Requests for Production 17 - 21, 23 - 24, 26 - 31, 34 - 35 | Requests for information relating to risks known or knowable specific to Troy Sampson |

| Interrogatory 20 | Requests for names of potential |
| Request for Production 33 | witnesses |

**See** Filing No. 60 - Motion p. 3.

The plaintiff generally contends discovery characterized as "same or similar" evidence preceding and following Mr. Sampson's suicide is relevant to whether the defendants' policies and procedures for suicide prevention were adequate to protect the life and safety of prisoners who are mentally ill and suicidal. **See** Filing No. 60 - Motion p. 2. In support of the position, the plaintiff cites to *Yellow Horse v. Pennington County*, 225 F.3d 923, 927 (8th Cir. 2000) for the proposition that adequacy of the suicide prevention program is relevant to the disposition of a qualified immunity motion.[1] However, adequacy of the program is only relevant to the issue of the county's liability. **See** *Yellow Horse*, 225 F.3d at 928. Accordingly, the defendants argue the county's suicide prevention program is distinct and irrelevant to the issues of qualified immunity for the individual defendants. The parties do not specifically address any issues raised in the motion for summary judgment or any specific discovery requests.

At the time the plaintiff sought to conduct some discovery initially, the plaintiff argued that the motion for summary judgment is based, in part, on affidavits from the named defendants. The plaintiff stated such evidence includes facts in the exclusive knowledge of the defendants. Specifically, the plaintiff argued that without a chance to depose the defendants or conduct other discovery, the plaintiff would have no way to refute the evidence filed in support of summary judgment. Additionally, the plaintiff sought answers from the defendants to previously served discovery requests.

Previously, the defendants opposed the plaintiff's motion because (1) the plaintiff did originally oppose the defendants' motion to stay discovery; and (2) additional discovery is unwarranted under the law and unnecessary on the facts. Additionally, at that time the defendants argued the discovery sought was overly broad with respect to the specific summary judgment motion. The defendants asked that if discovery were allowed, such discovery be limited to deposing the named defendants about what they knew and what

---

[1] Additionally, the plaintiff cites to *Sanders v. Howze*, 177 F.3d 1245 (11th Cir. 1999). It is unclear why the plaintiff cites *Sanders*; it does not appear to support her argument.

their actions were with respect to Mr. Sampson's risk of suicide and ultimate suicide while in Dodge County custody.

The court found that based on the circumstances of this case a partial lift of the stay for limited discovery was appropriate. The court balanced the general principles surrounding the reasons underlying qualified immunity (***Lovelace v. Delo***, 47 F.3d 286, 287 (8th Cir. 1995) (**citing** ***Harlow v. Fitzgerald***, 457 U.S. 800, 814, 817-18 (1982)) ("to protect governmental officials from both the burdens of trial and discovery")) and the plaintiff's practical difficulty in responding to the defendants' motion. Accordingly, the court allowed limited discovery related to the issue of qualified immunity.

The current problem facing the parties is their inability to confer regarding the discovery at issue and the nature of the motion for summary judgment filed by the defendants. First, the parties failed to comply with the requirements of NECivR 7.1(i) and Fed. R. Civ. P. 37(a)(1). This may be why the plaintiff filed the motion as one for "clarification" rather than a motion to compel. In any event, the parties shall have another opportunity to confer regarding the plaintiff's specific requests. The court reminds the parties that an exchange of email messages is insufficient under the rules. **See** NECivR 7.1(i)(1)

Second, the defendants' motion for summary judgment covers a variety of issues. The defendants have raised issues about the qualified immunity of the individual defendants; and challenged the plaintiff's complaint for failure to state a claim with regard to many of the plaintiff's claims, including those against the individual defendants and the municipality. The defendants specifically raise an issue about Dodge County's policies and practices. **See, e.g.,** Filing No. 37 at p. 28-30. The plaintiff should not be limited to the more narrow issues surrounding qualified immunity when the defendants' themselves have raised a broad category of issues in their motion. Accordingly, the plaintiff may conduct limited discovery to enable the plaintiff to respond to the defendants' actual motion for summary judgment.

Since the plaintiff does not seek an order from the court compelling discovery, the court will not rule on the merits of the particular discovery requests filed. In view of this determination, any future motion by the plaintiff seeking discovery shall be filed in accordance with the local and federal rules regarding motions to compel. Additionally, if

the plaintiff seeks to compel certain discovery, the plaintiff shall make a showing the discovery is relevant to the defendants' motion for summary judgment by reference to how the specific information she seeks may rebut the specific legal and factual contentions made by the defendants.  Upon consideration,

**IT IS ORDERED:**

1. The plaintiff's Motion for Clarification and Extension of Time (Filing No. 60) is granted as set forth below.

2. The plaintiff shall have **until January 9, 2008**, to file any opposition to the defendants' Motion for Summary Judgment (Filing No. 36).

3. The stay of discovery is lifted to allow discovery on any issue raised in the defendants' motion for summary judgment.

Dated this 28th day of October, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge