IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHERRY LUCKERT, Personal Representative of the Estate of TROY SAMPSON, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF DODGE, a Nebraska Political Subdivision, et al.,<br><br>Defendants. | Case No. 8:07cv5010<br><br>**BRIEF IN SUPPORT OF MOTION *IN LIMINE* TO STRIKE PLAINTIFF'S EXPERT OR, IN THE ALTERNATIVE, CHALLENGING ADMISSIBILITY OF TESTIMONY OF PLAINTIFF'S EXPERT WITNESS UNDER FED. R. EVID. 702** |

COME NOW the Defendants, by and through counsel, and respectfully submit the following brief in support of Motion *in limine* to strike Plaintiff's expert or, in the alternative, challenging admissibility of testimony of plaintiff's expert witness under Fed. R. Evid. 702.

## INTRODUCTION

This matter is set for trial June 21, 2010. Pursuant to the Court's Final Progression Order (filing 101), Plaintiff was to disclose her expert under Fed. R. Civ. P. 26(a)(2)(A) by August 11, 2009. The Order has subsequently been amended, but no extensions have been granted for this disclosure. (See Filings 103, 105, 109). During a telephonic conference, counsel for Plaintiff indicated that her expert was Lindsay Hayes ("Hayes"), and his report would be the affidavit Plaintiff submitted in opposition to the Defendants' Motion for Summary Judgment. (See Ex. 1). Beside the affidavit of Hayes, no further expert report has been provided.

Defendants are asking this Court for an order either (1) precluding the testimony of Hayes for failure to provide the information required by Rule 26(a)(2)(B) or (2) deeming the testimony of Hayes inadmissable pursuant to Rule 702 and under the principles outlined

by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993) (hereinafter "*Daubert*") and *Kumho Tire Co., Ltd., v. Carmichael*, 526 U.S. 137, 119 S. Ct. 1167, 143 L. Ed. 2d 238 (1999) (hereinafter "*Kumho*").

**ARGUMENT**

**A.   Failure to Comply with Fed. R. Civ. P. 26(a)(2)(B)**

According to Fed. R. Civ. P. 26(a)(2)(B), an expert witness's report shall contain a complete statement of all opinions to be expressed and the basis and reasons for them; the data or other information considered by the witness in forming the opinions; any exhibits to be used to summarize or support the opinions; the witness's qualifications, including a list of all publications authored by the witness within the preceding ten years; a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and a statement of the compensation to be paid for the study and testimony in the case.

Considering the Affidavit of Hayes to be his expert report, it falls completely short of complying with the rule.  First, in coming to his conclusion that the Dodge County Suicide Intervention Policy was grossly inadequate, Hayes fails to indicate the basis and reasons for the opinion.  (Ex. 1, ¶¶ 11,15, 16).  Second, his qualifications include broad statements that he is an expert with no supporting information such as the publications authored within the preceding ten years or a list of other cases in which he has testified during the previous four years.  (Ex. 1, ¶¶ 2-6).  Finally, there is no information contained in the "report" showing the compensation being received by Hayes.  (Ex. 1).

The Federal Rules of Civil Procedure require parties to file reports of expert witnesses they intend to use at trial. Fed. R. Civ. P. 26(a)(2).  If a party does not timely file

2

a report, the district court may exclude the party's expert from testifying at trial on the matters the party failed to disclose. See Fed. R. Civ. P. 37(c)(1). The district court may "exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). See *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

Without the information that should have been provided under Rule 26(a)(2)(B), defendants are greatly hampered in the ability to examine the expert about his opinions. The vague opinion of Hayes through an affidavit clearly fails to comply with Rule 26(a)(2)(B) and the Court should preclude the Plaintiff from calling him as an expert witness at trial.

**B.    Haye's Testimony is Inadmissible under *Daubert* and *Kumho***

Federal Rule of Evidence 702 provides that an expert qualified "by knowledge, skill, experience, training, or education" may testify about "scientific, technical, or other specialized knowledge" **if** it "will assist the trier of fact to understand the evidence or to determine a fact in issue" and **if** "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts." Fed. R. Evid. 702 (emphasis added).

In order to determine that an expert's opinion is admissible, a district court should, first, determine that the witness is qualified by "knowledge, skill, experience, training, or education" to render an opinion and, second, the court should determine "whether the witness' opinions are 'reliable' under the principles set forth under *Daubert* and *Kumho.* See Fed. R. Evid. 702 advisory committee notes. Admission of expert testimony is guided by the principles of *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993). There are two requirements under Rule 702--(1) the knowledge

must be scientific, technical, or other specialized knowledge; and (2) the knowledge must assist the trier of fact to understand the evidence or to determine a fact in issue.

In *Daubert*, the Supreme Court explained that Rule 702 assigns to the district judge a gate-keeping role to ensure that expert testimony is both reliable and relevant. *Daubert,* 509 U.S. at 597. The district judge must, first, determine whether the proffered testimony is reliable, requiring an assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and, second, determine whether that reasoning or methodology can be properly applied to the facts in issue. *Daubert,* 509 U.S. at 592-93. The *Daubert* Court listed four factors relevant to assessing reliability: (1) whether the theory has been tested; (2) whether the theory has been subject to peer review and publication; (3) the known or potential rate of error associated with the theory; and (4) whether the theory has attained widespread or general acceptance. *Id.* at 592-94.

In *Kumho*, the Court emphasized that these four factors are not a "definitive checklist or test" and a court's inquiry into reliability must be "tied to the facts of a particular case." *Id.* at 150. According to the Supreme Court, "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.* at 152.

**1.     *Is the Testimony Based upon Sufficient Facts or Data?***

In his affidavit, Hayes simply opines that the Dodge County Department of Corrections' Suicide Intervention Policy is grossly inadequate. (Ex. 1, ¶¶ 11, 15, 16). In support of his opinion, it appears that he relies upon standards allegedly "required" by the American Correctional Association ("ACA") and the National Commission on Correctional Health Care ("NCCHC"). (Ex. 1, ¶¶ 8-10). He lists the following documents as those reviewed in coming to his conclusion: Plaintiff's First Amended Complaint (Filing 30), Dodge County DOC's Policy 12.4 (Suicide Prevention policy) (Filing 38, Ex. 4B), Medical Watch Logs for Troy Sampson (Filing 91, Ex. 37), Inmate Request Forms/Kites for Mr.

4

Sampson (Filing 91, Ex. 39), transcript of Mr. Sampson's August 8, 2006 bond hearing (Filing 91, Ex. 73), and July 31, 2006 progress note from Mr. Sampson's August psychiatrist to Dodge County DOC's medical staff (Ex. 2B). (Ex. 1, ¶ 6). It does not appear that Hayes reviewed the Nebraska Jail Standards which includes the standards under which the Dodge County DOC is regulated or the Dodge County DOC inspection reports generated by the Nebraska Jail Standards Board.

Pursuant to Neb. Rev. Stat. § 83-4,127, the Jail Standards Board shall study, develop, and implement minimum standards for the operation of criminal detention facilities, including the Dodge County DOC. *Id.* See also Neb. Rev. Stat. § 83-4,125 (criminal detention facilities include institutions operated by a political subdivision such as a county). Standards include, but are not limited to, in pertinent part, staffing, training, procedures for admission of prisoners, and health services. Neb. Rev. Stat. § 83-4,129. Furthermore, detention facilities are inspected at least once yearly to determine "conditions of confinement, the treatment of persons confined in the facilities and whether such facilities comply with the minimum standards established by the Jail Standards Board. Neb. Rev. Stat. § 83-4,131. "A written report of each inspection shall be made...[and] shall specify those areas in which the facility does not comply with the required minimum standards." *Id.*

The ACA is a private, nonprofit organization that administers a national accreditation program for all components of adult and juvenile corrections. The purpose of these organizations is to promote improvement in the management of a *voluntary* accreditation program and the ongoing development and revision of relevant, useful standards. See http://www.aca.org/standards/seeking/seeking_overview.asp. The NCCHC has offered a *voluntary* health services accreditation program since the 1970s. See http://www.ncchc.org/about/index.html. Dodge County DOC, like most if not all of the Nebraska county jails, is not accredited by either of these organizations.

5

As pointed out by the Defendants' expert in his report, both the ACA and the NCCHC are strictly voluntary organizations without any power to mandate state or national corrections standards or to approve and certify municipal corrections agencies as being in compliance.  (Ex. 2A, pp. 2-3; n. 73).  Clearly, Hayes did not have sufficient information to consider when coming to his opinion as he did not even consider the very standards under which the Dodge County DOC is governed or the yearly inspection reports wherein the Jail Standards Board found the Dodge County DOC in full compliance between the years 2002 through 2007.  (Ex. 2, p. 2, n. 72).

Further, Hayes offers testimony about what medical experts warn concerning asphyxiation.  (Ex. 1, ¶ 14).  Hayes offers absolutely no citations to any underlying facts or data to support this speculative statement.  Hayes is not a physician or a "medical expert" and should not be allowed to offer an opinion as such.  Finally, Hayes opines that Mr. Sampson's cell was not suicide-resistant simply because he was able to hang himself in it.  (Ex. 1, ¶ 14).  Again, Hayes offers no underlying data or facts that could support this opinion.  None of the documents reviewed by Hayes even describe the cell in which Mr. Sampson was housed.  He simply made the leap that if one is able to commit suicide in jail, then that person could not have been housed in a suicide resistant cell.  Besides common sense, there are cases wherein an inmate has committed suicide in a more restrictive cell, a "suicide cell."  See *Anderson v. Lee County*, 2010 U.S. Dist. LEXIS 11822 (M.D. Ala. Feb. 11, 2010)(pretrial detainee housed in a suicide cell hung himself).  Under the first prong of Rule 702, Haye's testimony is inadmissible.

### 2. *Is the Testimony the Product of Reliable Principles and Methods?*

There is really no way of determining whether the second prong of Rule 702 has been met by Hayes' affidavit as he does not indicate what principles or methods were used in coming to his conclusion.  Hayes utilized the standards of the ACA and the NCCHC which are not mandatory for the Dodge County DOC.  Further, he misstated this fact

throughout his affidavit wherein he indicated that the ACA and the NCCHC required Dodge County DOC to abide by its standards which is not the case. (Ex. 1, ¶¶ 8-10). Hayes has offered similar vague and unsupported opinions in other jail suicide cases.

In *Estate of Boncher v. Brown County*, the Seventh Circuit Court of Appeals found that the evidence offered by Hayes in that case was "useless and should have been excluded under the *Daubert* standard." *Id.*, 272 F.3d 484, 486 (7th Cir. 2001). The Court further noted that it discovered two other cases where the courts had similar problems with the opinion offered by Hayes. *Id.* (Citing to *Thacker v. Franklin County*, 1994 Ohio App. LEXIS 2712, *11, 1994 WL 283672, at *4 ("Hayes' affidavit generally lacks specificity and fails to indicate the facts underlying his conclusions") and *Boyd v. Harper*, 702 F. Supp. 578, 582 (E.D. Va. 1988) (conclusion didn't support proposition for which it was offered)).

In this case, the affidavit of Hayes simply fails to show that Hayes utilized any principles or methods to provide his opinion and failed to review many pertinent documents before coming to his conclusions. Under the second prong of Rule 702, Hayes testimony is inadmissible.

### 3. *Has Hayes applied the principles and methods reliably to the facts?*

Again, it is difficult to determine the "reliability" factor of Rule 702 and under *Daubert* as Hayes fails to indicate what principles and methods were relied upon to come to his conclusion. Because Hayes did not review the actual standards under which the Dodge County DOC is regulated, his opinion is not reliable under *Daubert* and *Kumho*.

In *Estate of Boncher v. Brown County*, the Court pointed out that Hayes failed to consider many facts pertinent to coming to a conclusion such as his. For example, when opining that five suicides in the last five years was unusually high, the Court held that "it is not the number of suicides that is the meaningful index of suicide risk and therefore of governmental responsibility, but the suicide rate; and it is not even the rate by itself, but rather that rate relative to the "background" suicide rate in the area from the relevant free

population...and to the rate in other jails." *Id.*, at 486-487 (internal citations omitted). Hayes admitted in that case that he did not consider these factors or conduct any studies to determine the jail suicide rate. *Id.*, at 487. The Court also pointed out other deficiencies present in Hayes' testimony. *Id.*, at 487. The same deficiencies are present in Hayes' affidavit prepared for this case.

"Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence which is connected to existing date only by the *ipse dixit* of the expert." *Michigan Millers Mut. Ins. Corp. v. Benfield*, 140 F.3d 915, 921 (11th Cir. 1998). "A court may conclude there is simply too great an analytical gap between the data and the opinion proffered." *GE v. Joiner*, 522 U.S. 136, 146, 118 S. Ct. 512, 139 L. Ed. 2d 508 (1997). Thus, the Court may exclude expert testimony that is imprecise and unspecific or whose factual basis is not adequately explained. That is exactly the issue in this matter.

In this case, Hayes simply failed to consider the necessary information to come to his conclusions and the Court should rule his testimony inadmissible.

### 4.    *Does the Knowledge Assist the Trier of Fact to Understand the Evidence or to Determine a Fact in Issue?*

This is possibly the strongest factor under which to exclude the testimony of Hayes. Expert testimony is admissible if it offers something "beyond the understanding and experience of the average citizen." *United States v. Rouco*, 765 F.2d 983, 997 (11h Cir. 1985). Not only would Hayes' opinion fail to assist the trial of fact, it would more than likely serve to confuse and prejudice the trier of fact in this matter. Hayes' testimony that the ACA and the NCCHC standards are required is not only a misstatement of fact, but irrelevant in this matter as the Dodge County DOC is not bound by either of them. Expert testimony, which is hugely significant in the eyes of lay jurors, that is based upon misstatements of fact as well as conclusions based upon a failure to consider all relevant information would seriously mislead and/or confuse a jury.

8

Mr. Hayes' testimony is clearly defective. First, the opinion expressed concerns matter that arguably lie within the understanding of the average lay person, making expert testimony on this subject unnecessary. Second, his opinion is unsubstantiated by any relevant factual basis. Finally, Hayes' testimony lacks foundation as discussed above. Hayes opinion is not a conclusion reached through scientific study or any such methodology, but simply a legal conclusion that does little more than tell the jury what result should be reached. The testimony contained in Hayes' affidavit should be excluded.

## CONCLUSION

Based upon the foregoing, the Defendants respectfully request that the Motion In Limine be sustained and the testimony of Lindsay Hayes be stricken or ruled inadmissible.

DATED this 1st day of March 2010.

**DODGE COUNTY, NEBRASKA**, et al.
Defendants

By:  s/Jennifer M. Tomka
Jennifer M. Tomka, #19955
BOUCHER LAW FIRM
West Gate Bank Building
5555 S. 27th Street, Suite A
Lincoln, Nebraska 68515
(402) 475-3865 (telephone)
(402) 475-2326 (facsimile)
jtomka@boucherlawfirm.com

One of the Attorneys for Defendants

## CERTIFICATE OF SERVICE

It is hereby certified that on March 1, 2010, the foregoing Brief in Support of Motion *in Limine* was filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record, including:

Maren Lynn Chaloupka, Esq.
Chaloupka, Holyuoke, Hofmester, Snyder & Chaloupka
1714 Second Avenue
P.O. Box 2424
Scottsbluff, NE 69363-2424

            s/Jennifer M. Tomka
            Jennifer M. Tomka
            Attorney for Defendants