```
                                                          FILED
                                                    US DISTRICT COURT
                                                    DISTRICT OF NEBRASKA

                                                      MAY 14 2010

      IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF NEBRASKA           OFFICE OF THE CLERK
```

| | |
|---|---|
| SHERRY LUCKERT, Personal Representative of the Estate of Troy Sampson, Deceased, | ) ) ) ) Case No. 8:07cv5010 |
| Plaintiff, | ) ) ***ORDER ON FINAL PRETRIAL*** |
| v. | ) ***CONFERENCE*** |
| COUNTY OF DODGE, a Nebraska Political Subdivision, et al., | ) ) ) |
| Defendants. | ) ) |

A final pretrial conference was held on the 14th day of May, 2010. Appearing for the parties as counsel were: Maren Lynn Chaloupka, Chaloupka, Holyoke, Hofmeister, Snyder & Chaloupka, 1714 2nd Avenue, P.O. Box 2424, Scottsbluff, Nebraska 69363 for the Plaintiff; and Jennifer M. Tomka, Boucher Law Firm, 5555 South 27th Street, Suite A, Lincoln, NE 68512 for the Defendants.

(A) **Exhibits.** See List of Exhibits. Each party may use exhibits identified by the other party, but the mere listing of an exhibit by a party does not mean it can be offered into evidence by the adverse party without meeting all evidentiary prerequisites.

(B) **Uncontroverted Facts.** The parties have agreed that the following may be accepted as established facts for purposes of this case only:

1. That venue is proper in Omaha, Nebraska;

2. That the plaintiff is a resident of the State of Missouri;

3. That defendant Dodge County is a Nebraska political subdivision;

4. That defendants Campbell, Julian, Chiles, and Willms are residents of the State of Nebraska and defendant Robeson is now deceased;

5. Defendant Doug Campbell ("Campbell") is and was at all times relevant to this

matter, the Director of Dodge County Corrections ("DCC") in Fremont, Nebraska. Campbell has been the Director since September 1995. Prior to holding the position of Director, Campbell had been employed in corrections since 1979.

6. Defendant Cynthia Julian ("Julian") is, and was, during all relevant times to this matter, a registered nurse providing health care services to the inmates housed at Dodge County Corrections. As the Nurse, Julian is responsible for maintaining the medical files of all Dodge County Corrections inmates, and oversee the care, custody, and control of said files. At the time of Mr. Sampson's suicide, Julian had been employed by Dodge County Corrections for approximately one month. She has been a registered nurse since 1996, and holds a Bachelors of Science in Nursing and is a Certified Case Manager.

7. Defendant Robeson ("Robeson"), now deceased, was, during all times relevant to this lawsuit, employed as a Lieutenant for DCC. Robeson retired from the DCC on or about December 16, 2006, after 20 years of service.

8. Defendant Jo-el Chiles ("Chiles), is and was, during all times relevant to this matter, a Correctional Officer for DCC. Chiles began his employment with DCC in 2002 and left DCC employment on September 20, 2009.

9. Defendant Tiffany Willms ("Willms"), during all times relevant to this matter, was a Correctional Officer for DCC. She was also a full-time student at Midland Lutheran College majoring in Criminal Justice.

10. That Troy Sampson was on suicide watch continuously between July 30 and August 10, 2006

11. When an inmate has mental health issues, DCC uses Dr. Mohammad Shoaib as the psychiatrist. Sampson was transported to Dr. Shoiab's office for appointments on

2



August 3 and 10, 2006.

12. On August 10, 2006, Sampson hung himself in his cell and died of asphyxiation.

13. That the Dodge County Department of Corrections Policy & Procedure Manual was in full force and effect between July 30 and August 10, 2006.

14. DCC was inspected by the Nebraska Jail Standards Division yearly and passed its inspections. In 2005 and 2006, DCC was in full compliance with the Nebraska Jail Standards.

(C) **Controverted and Unresolved Issues.** The issues remaining to be determined and unresolved matters for the court's attention are:

1. Whether Troy Sampson had a serious medical need (suicidal) on August 10, 2006.

2. Whether Defendants or any one of them were aware that Troy Sampson was suicidal on August 10, 2006.

3. Whether Defendants or any one of them, with deliberate indifference failed or refused to provide medical care or failed or refused to direct that medical care be provided to Troy Sampson on August 10, 2006.

4. Whether Troy Sampson's suicide was proximately caused by the actions or inactions of the Defendants or any one of them.

5. Whether Troy Sampson was damaged as a direct result of the action or inaction of the Defendants or any one of them.

6. Whether the Defendants reasonably believed that a substantial risk of serious harm did not exist as to Troy Sampson by their belief that he was not

3



suicidal on August 10, 2006 and by following a 30 minute medical watch.

7. Whether Dodge County had a policy, custom or practice of failing to train its employees to be observant of and act upon signs and indications of suicide in detainees.

8. Whether the Dodge County suicide prevention policy was unconstitutional and the moving force behind the harm Troy Sampson suffered.

9. Whether on August 8, 2006, Troy Sampson was escorted to Dodge County Court by an employee of Dodge County for a hearing on his motion for bond review.

10. Whether at such hearing, Mr. Sampson said "I've been trying to get into the Norfolk Regional Center before this happened, and they were full, and then I went every recourse to try to get help and it seems like every door was shut in my face"; and asked the court to send him to the Norfolk Regional Center.

11. Whether the employee who escorted Troy Sampson to the August 8, 2006 bond review hearing did not document Mr. Sampson's comments as described in ¶ 10 or otherwise report Mr. Sampson's comments.

12. Whether at all relevant times, Defendants Campbell, Julian, Chiles, Willms, Roberson and the employee who escorted Troy Sampson to the August 8, 2006 bond review hearing were acting in the course and scope of their employment with Dodge County, and were acting under color of law.

(D) **Witnesses.** All witnesses, including rebuttal witnesses, whom the Plaintiff expects to call to testify, except those who may be called for impeachment purposes as defined in NECivR 16.2(c) only, are:



1. Sherry Luckert (will call) *St Joe, MO*
2. Doug Campbell (will call) *Fremont*
3. Jo-El Chiles (will call) *Blair*
4. Cynthia Julian, R.N. (will call) *Omaha*
5. Mark Robeson (~~may call~~) *deceased*
6. Larry Juedes (may call) *Fremont*
7. Tiffany Willms (will call) *Arkansas*
8. Paul Vaughn (may call) *Fremont*
9. Stephen O'Neill, M.D. (may call) *Norfolk*
10. Hon. Kenneth J. Vampola (may call) *Dodge County*
11. Special Prosecutor Robert Keith (may call) *Dodge County*
12. Court stenographer Marilyn Clapper (may call) *Fremont*
13. Lindsay Hayes (will call) *Massachusetts*
14. Witnesses necessary for impeachment/rebuttal, and/or listed by Defendant

(E)   **Witnesses.**  All witnesses whom the defendant expects to call to testify, except those who may be called by Plaintiff or for impeachment purposes only, as defined in NECivR 16.2(c) are:

| Witness | Expect to Call | May Call |
|---|---|---|
| Tiffany Willms  *Arkansas* | x | |
| Doug Campbell  *Fremont* | x | |
| Jo-El Chiles  *Blair* | x | |
| Cynthia Julian, R.N.  *Omaha* | x | |
| Mark Robeson  *deceased* | — | |
| Gary Leffler  *Fremont* | x | |
| Dr. Mohammad Shoiab, M.D.  *Omaha/Fmt* | x | |
| Denny Macomber  *Lincoln* | x | |
| Mike Behm  *Lincoln* | x | |
| Dr. Blaine Ruffman, M.D.  *Omaha* | | x |
| Stacey Huffman  *Fremont* | | x |
| Larry Juedes  *Fremont* | | x |
| Alexander Harvey  *Fremont* | | x |
| Wayne Hank  *Snyder* | | x |



| Joy Wistrom | *Omaha* | | x |
|---|---|---|---|
| Monica Linden | *El Paso, TX* | | x |
| Any witnesses designated by Plaintiff | | | x |

It is understood that, except upon a showing of good cause, no witness whose name and address does not appear herein shall be permitted to testify over objection for any purpose except impeachment. A witness appearing on any party's witness list may be called by any other party.

(F)   **Expert Witnesses** –   For Plaintiff: Lindsay Hayes

**OBJECTIONS** by the Defendant are: Pending Motion in Limine contains Defendants' objections.

For Defendant: Dr. Ron Martinelli

**OBJECTIONS** by the Plaintiff are: Pending Motion in Limine contains Plaintiff's objections.

(G)   **Depositions and Other Discovery Documents**:

(i)   All depositions, answers to written interrogatories, and requests for admissions or portions thereof which are expected to be offered in evidence by the Plaintiff as part of her case-in-chief are:   Deposition of Mark Robeson dated December 16, 2008 – the defense has advised that Defendant Robeson is deceased and thus "unavailable" within the meaning of Rule 804; Defendants' Answer to Interrogatory No. 13 (11/25/08); Defendants' Answer to Interrogatory No. 15 (11/25/08); Defendants' Answer to Interrogatory No. 16 (11/25/08); Defendants' Answer to Interrogatory No. 22 (11/25/08); Defendants' Answer to Interrogatory No. 26 (11/25/08).

6



**OBJECTIONS** by the Defendant are: Defendants object to the deposition, or in the alternative, the entirety of the deposition of Mark Robeson as it was not conducted under Rule 804(b)(1) as the former testimony was not taken in a trial deposition; the parties stipulated to form and foundation objections only and Defendants did not have the opportunity or motive to develop his testimony by direct, cross, or redirect examination. See Rule 804. Further, Defendants object to the use of discovery responses as they contain hearsay and are not the best evidence as the parties will be there to testify to said information contained therein.

(ii) All depositions, answers to written interrogatories, and requests for admissions or portions thereof which are expected to be offered in evidence by the Defendant as part of its case-in-chief are: None

(H) **Voir Dire.** Counsel have reviewed Fed. R. Civ. P. 47(a) and NECivR 47.1 and suggest the following with regard to the conduct of juror examination: Initial examination to be by the Court, followed by individual examination by counsel. Counsel may submit questions to be asked by the Court during its examination of potential jurors.

(I) **Number of Jurors.** The Defendant suggests that this matter be tried to a jury composed of 12 members.

(J) **Verdict.** The parties will not stipulate to a less than unanimous verdict.

(K) **Delivery of Briefs, and Jury Instructions.**
(i) Trial briefs shall be ~~delivered to the judge~~ *filed* at least ~~three (3)~~ *five (5)* working days before the first day of trial.

7



   (ii) Proposed jury instructions shall be ~~delivered to the trial judge~~ *filed* at least ~~three (3)~~ *five (5)* working days before the first day of the trial.

*(iii) See below*

 (L) **Length of Trial.**  Counsel estimate the length of trial will consume not less than 2 days, nor more than 4 days, and probably about 3 days.

 (M) **Trial Date.**  Trial is set to begin June 21, 2010 before the Honorable Joseph F. Bataillon in Omaha, Nebraska.

| | |
|---|---|
| SHERRY LUCKERT, Plaintiff | DODGE COUNTY, et al., Defendant |
| BY:   s/ Maren Lynn Chaloupka<br>Maren Lynn Chaloupka, #<br>Chaloupka, Holyoke, Hofmeister,<br>Snyder & Chaloupka,<br>1714 2nd Avenue<br>P.O. Box 2424<br>Scottsbluff, Nebraska 69363<br>PHONE<br>EMAIL | BY:   s/ Jennifer M. Tomka<br>Jennifer M. Tomka, #19955<br>Boucher Law Firm<br>5555 South 27th St. Suite A<br>Lincoln, NE 68512<br>402.475.3865<br>jtomka@boucherlawfirm.com |
| Attorney for Plaintiff | Attorneys for Defendant |

BY THE COURT:

_____
Honorable Thomas D. Thalken
United States Magistrate Judge

*K (iii) – Judge's copy of exhibit and deposition notebooks to be delivered to trial judge's chambers at least five (5) working days before the first day of trial.*



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SHERRY LUCKERT, Personal ) Case No. 8:07-cv-5010
Representative of the Estate of TROY )
SAMPSON, Deceased, )
 )
                      Plaintiff, )
 )
vs. )
 )
COUNTY OF DODGE, a Nebraska )
Political Subdivision,; DOUG )
CAMPBELL, in his individual and official )
capacity; TIFFANY WILLIAMS, in her ) PLAINTIFF'S REVISED EXHIBIT LIST
individual and official capacity; JO-EL )
CHILES, in his individual and official )
capacity; STACY      HUFFMAN, in )
her individual and official capacity; )
CYNTHIA JULIAN, R.N., in her individual )
and official capacity; MARK ROBESON, )
in his individual and official capacity; )
WAYNE HANK, in his individual and )
official capacity; and LARRY JUEDES, in )
his individual and official capacity, )
 )
                      Defendant )

| No. | Item: | A | B | Obj'd | Offered | Rec'd |
|---|---|---|---|---|---|---|
| 1 | Memo/Medical Note dated 8-10-06 (signed by Cynthia Julian, RN) relative to Sampson suicide and subsequent medical attention | | | | | ✓ |
| 2 | Job Description for "The Correctional Officer" | | | | | ✓ |
| 3 | Job Description for "Correctional Nurse" | | | | | ✓ |
| 4 | Dodge County Corrections Memo (To: All Staff From: Brad Alexander – Director of Corrections) date unknown | | | R, H, M, A | | |
| 5 | Dodge County Corrections Correspondence to Tiffany Willms from Doug Campbell dated 6-28-07 | | | R, H, M, A | | |
| 6 | Significant Incident Report dated 2-14-07 relative to Tiffany Willms missing shifts | | | R, H, M, A | | |



| | | | | | | |
|---|---|---|---|---|---|---|
| 7 | Miscellaneous disciplinary and suspension documents relative to Corrections Officer Joel Chiles' | | | R, H, M, A | | |
| 8 | Dodge County Employee Evaluation Form for Corrections Officer Stacey Jarosz | | | R, H, M, A | | |
| 9 | Significant Incident Report dated 5-30-06 relative to Stacey Jarosz bringing a bag of chocolates that were sexually explicit in nature | | | R, H, M, A | | |
| 10 | Performance Evaluation Form for Corrections Officer Mark Robeson dated 2-14-02 | | | R, H, M, A | | |
| 11 | Email from Fremont Police Officer to Deputy Chief Steve Tellatin dated 2-14-02 | | | R, H, M, A, O | | |
| 12 | Dodge County Corrections "Significant Incident Report" dated and signed by Campbell and Robeson on 5-22-01 | | | R, H, M, A, O | | |
| 13 | Dodge County Corrections Performance Evaluation Counseling Form for Mark Robeson dated 1-26-00 | | | R, H, M, A, O | | |
| 14 | Dodge County Corrections Performance Evaluation Counseling Form for Mark Robeson dated 8-12-99 | | | R, H, M, A, O | | |
| 15 | Dodge County Corrections Performance Evaluation Counseling Form for Mark Robeson dated 9-9-98 | | | R, H, M, A, O | | |
| 16 | Dodge County Corrections Memo to Lt. Mark Robeson from Brad Alexander – Director of Corrections dated 6-14-93 | | | R, H, M, A, O | | |
| 17 | Memo/Letter about Lt. Robeson – author and date unknown | | | R, H, M, A, O | | |
| 18 | Dodge County Corrections Counseling Form for Lt. Mark Robeson dated 10-8-02 | | | R, H, M, A, O | | |
| 19 | Dodge County Corrections Counseling Form for Lt. Mark Robeson dated 3-6-03 | | | R, H, M, A, O | | |
| 20 | Dodge County Corrections Counseling Form for Lt. Mark Robeson dated 10-14-04 | | | R, H, M, A, O | | |



| | | | | | | |
|---|---|---|---|---|---|---|
| 21 | Correspondence to Leo Thietje (Personnel Committee Chairman) from Doug Campbell (Director) dated 12-7-06 | | | R, H, M, A, O | | |
| 22 | Correspondence to Officer Wayne Hank from Doug Campbell dated 11-6-07 | | | R, H, M, A, O | | |
| 23 | Performance Evaluation Counseling Form for Officer Wayne Hank dated 6-3-07 | | | R, H, M, A, O | | |
| 24 | 2nd Floor Plan for Dodge County Correctional Facility | | | | | ✔ |
| 25 | Fremont Psychiatric Services Evaluation Report dated 8-3-06 | | | | | ✔ |
| 26 | Nebraska Jail Bulletin (Number 144) dated November/December 1998 | | | | | ✔ |
| 27 | Nebraska Jail Bulletin (Number 113) dated October/November 1994 | | | | | ✔ |
| 28 | Nebraska Jail Bulletin (Number 149) dated September/October 1999 | | | | | ✔ |
| 29 | Nebraska Jail Bulletin (Number 150) dated November/December 1999 | | | | | ✔ |
| 30 | Pre-Test and Post-Test from Principles of Suicide Prevention | | | | | ✔ |
| 31 | Dodge County Corrections Daily Log dated 8-10-06 | | | | | ✔ |
| 32 | Dodge County Corrections Daily Inmate Movement Log dated 8-9-06 | | | | | ✔ |
| 33 | Dodge County Corrections Daily Inmate Movement Log dated 8-10-06 | | | | | ✔ |
| 34 | Cell Check Log – Safety Unit dated 8-10-06 | | | | | ✔ |
| 35 | Cell Check Log – "E" Unit dated 8-10-06 | | | | | ✔ |
| 36 | Cell Check Log – "E" Unit (Sheet #2) dated 8-10-06 | | | | | ✔ |
| 37 | Excerpt of Grand Jury Transcript | | | R, H, M, A, O | | |
| 38 | Defendants' Answer to Plaintiff's Interrogatory No. 21 | | | R, H, M, A, O | | |
| 39 | Defendants' Answers to Plaintiff's Requests for Production Nos. 11, 12, 13 & 14 and Interrogatories No. 13, 14 & 15 | | | R, H, M, A, O | | |



| # | Description | | | | | |
|---|---|---|---|---|---|---|
| 40 | Medical Receiving Screening Form for Troy Sampson dated 7-30-06 | | | | | ✔ |
| 41 | Dodge County Corrections Medical Watch dated 7-30-06 through 8-10-06 | | | | | ✔ |
| 42 | Cell Check Log for several Units dating 7-31-06 through 8-10-06 | | | | | ✔ |
| 43 | Troy Sampson's Inmate Request Forms dating 8-1-06 through 8-8-06 | | | | | ✔ |
| 44 | Dodge County Corrections Investigative Report dated 8-10-06 regarding Sampson suicide | | | | | ✔ |
| 45 | Faxed Correspondence to Dr. Shoiab from Cynthia Julian, RN dated 7-31-06 regarding Troy Sampson and his meds | | | | | ✔ |
| 46 | Dodge County Corrections Nurses Progress Notes, Inmate Medical Watch and Inmate Program Participation for Troy Sampson | | | | | ✔ |
| 47 | Dodge County Corrections Inmate Handbook | | | | | ✔ |
| 48 | Assessment of Policy, Procedures & Operation Practices Relating to Suicidal Prisoners at Dodge County Corrections Facility | | | R, H, M, A, O | | |
| 49 | Affidavit of Dr. Mohammad Shoiab in Support of Defendants' Motion for Summary Judgment | | | R, H, M, A, O | | |
| 50 | Defendants' Answer to Interrogatory No. 12 | | | R, H, M, A, O | | |
| 51 | Affidavit of Doug Campbell | | | R, H, M, A, O | | |
| 52 | Fremont Tribune Article | | | R, H, M, A, O | | |
| 53 | Dodge County Corrections Policy and Procedure Manual | | | | | ✔ |
| 54 | Tiffany Willms Training Report | | | | | ✔ |
| 55 | Wayne Hank Training Report | | | | | ✔ |
| 56 | Stacey Jarosz Training Report | | | R, H, M, A, O | | |
| 57 | Jo-el Chiles Training Report | | | | | ✔ |
| 58 | Mark Robeson Training Report | | | | | ✔ |


| # | Description | | | | | |
|---|---|---|---|---|---|---|
| 59 | Fremont Tribune Article | | | R, H, M, A, O | | |
| 60 | Fremont Tribune Article | | | R, H, M, A, O | | |
| 61 | Dodge County Corrections Passbook | | | | | ✔ |
| 62 | Coroner Report | | | | | ✔ |
| 63 | Medical Screening Form for Troy Sampson | | | | | ✔ |
| 64 | Physicians Orders for Troy Sampson dated 8-1-06 | | | | | ✔ |
| 65 | Dodge County Corrections Medication Administration Record for Troy Sampson | | | | | ✔ |
| 66 | Physicians Orders for Troy Sampson dated 8-10-06 | | | | | ✔ |
| 67 | Norfolk Regional Center Notes | | | R, H, M, A, O | | |
| 68 | Physicians Orders for Troy Sampson dated 8-7-06 | | | | | ✔ |
| 69 | Physicians Orders for Troy Sampson dated 8-3-06 | | | | | ✔ |
| 70 | Troy Sampson's Request for Medical Care Form 8-2-06 | | | | | ✔ |
| 71 | Cynthia Julian's Affidavit | | | R, M, O | | |
| 72 | Mark Robeson's Affidavit | | | R, M, O | | |
| 73 | Sampson suicide letter | | | | | |
| 74 | Tiffany Willms Affidavit | | | R, M, O | | |
| 75 | Jo-el Chiles Affidavit | | | R, M, O | | |
| 76 | Lindsay Haye's Curriculum Vitae | | | O | | |
| 77 | Jo-El Chiles Incident reports, 2/27/09 – 5/18/09 | | | R, H, M, A, O | | |
| 78 | 2009 Training Reports – Douglas Campbell, Jo-El Chiles, Cynthia Julian | | | R, M, A, O | | |
| 79 | Suicide Prevention Test 7/15/08 -- Douglas Campbell | | | R, M, A, O | | |
| 80 | Suicide Prevention Test 1/9/09 – Cynthia Julian | | | R, M, A, O | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 81 | Suicide Prevention Pre-Test 1/25/08 – Cynthia Julian | | | R, M, A, O | | |
| 82 | Transcript of bond review hearing of August 8, 2006, State v. Troy Sampson, Dodge County Court Case No. CR06-1101 | | | R, H, M, A, O | | |
| | Any exhibit listed by Defendant | | | | | |
| | Any exhibit necessary for impeachment | | | | | |
| | Any exhibit necessary for rebuttal | | | | | |

Objections

Materiality - M
Hearsay - H
Relevancy - R
Authenticity - A
Other - O



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| SHERRY LUCKERT, Personal Representative of the Estate of TROY SAMPSON, Deceased, | ) ) ) ) | Case No. 8:07cv5010 |
|---|---|---|
| Plaintiff, | ) ) | **DEFENDANTS' EXHIBIT LIST** |
| v. | ) ) | Courtroom Deputy: |
| COUNTY OF DODGE, a Nebraska Political Subdivision, et al., | ) ) ) ) | Court Reporter: |
| Defendants. | ) | |

Trial Dates: June 21, 2010 -

| Exhibit No. | | | | | | | |
|---|---|---|---|---|---|---|---|
| PL | DF | Description | OFF | OBJ | RCV | NOT RCVD | DATE |
|  | 201 | Medical Receiving Screening Form | X | N/A | ✓ |  |  |
|  | 202 | Health Service Unit Initial Assessment | X | N/A | ✓ |  |  |
|  | 203 | Nurses Medical Progress Notes dated July 31, 2006 | X | N/A | ✓ |  |  |
|  | 204 | Inmate Medical Watch form dated July 31, 2006 | X | N/A | ✓ |  |  |
|  | 205 | 20 and 30 minute medical watch documents for Troy Sampson | X | N/A | ✓ |  |  |
|  | 206 | Letter to Dr. Shoiab dated July 31, 2006 | X | N/A | ✓ |  |  |
|  | 207 | Physicians Orders by Dr. O'Neill dated August 1, 2006 | X | N/A | ✓ |  |  |
|  | 208 | Request for Medical Care dated August 2, 2006 | X | N/A | ✓ |  |  |
|  | 209 | Medication Administration Record for Troy Sampson | X | N/A | ✓ |  |  |
|  | 210 | Physicians Orders dated August 3, 2006 | X | N/A | ✓ |  |  |
|  | 211 | Request for Medical Care dated August 3, 2006 | X | N/A | ✓ |  |  |
|  | 212 | Physician's Orders dated August 7, 2006 | X | N/A | ✓ |  |  |



| Exhibit No. | | | | | | | |
|---|---|---|---|---|---|---|---|
| PL | DF | Description | OFF | OBJ | RCV | NOT RCVD | DATE |
| | 213 | Psychiatric History dated August 1, 2006 | X | N/A | ✓ | | |
| | 214 | O'Neill Progress Notes from July 19, July 20, and July 24, 2006 on Troy Sampson | X | N/A | ✓ | | |
| | 215 | Request for Medical Care dated August 6, 2006 | X | N/A | ✓ | | |
| | 216 | Request for Medical Care dated August 7, 2006 | X | N/A | ✓ | | |
| | 217 | Inmate Request Forms dated August 7, 2006 | X | N/A | ✓ | | |
| | 218 | Request for Medical Care dated August 8, 2006 | X | N/A | ✓ | | |
| | 219 | Physicians Orders dated August 10, 2006 | X | N/A | ✓ | | |
| | 220 | Policy Number 3.1 dated October 1, 1994 | X | N/A | ✓ | | |
| | 221 | Policy Number 12.4 dated December 14, 1994 | X | N/A | ✓ | | |
| | 222 | Second Floor Plan for the Justice Center | X | N/A | ✓ | | |
| | 223 | Investigative Reports dated August 3, 2006 | X | N/A | ✓ | | |
| | 224 | Receipt and Claim to Dodge County for the Safety Cell Window | X | N/A | ✓ | | |
| | 225 | Inmate Program Participation dated August 6 through August 12, 2006 | X | N/A | ✓ | | |
| | 226 | Training orientation checklist | X | N/A | ✓ | | |
| | 227 | Training reports for Tiffany Willms | X | N/A | ✓ | | |
| | 228 | Orientation Training Checklist for Tiffany Willms | X | N/A | ✓ | | |
| | 229 | Certificate of Training for Jo-El Chiles from Douglas County Corrections dated December 2000 | X | N/A | ✓ | | |
| | 230 | Training reports for Jo-El Chiles | X | N/A | ✓ | | |



| Exhibit No. | | | | | | | |
|---|---|---|---|---|---|---|---|
| PL | DF | Description | OFF | OBJ | RCV | NOT RCVD | DATE |
|  | 231 | Orientation Training Checklist for Jo-El Chiles | X | N/A | ✓ | | |
|  | 232 | Training reports for Mark Robeson | X | N/A | ✓ | | |
|  | 233 | Investigative Report dated August 10, 2006 by Willms | X | 403 | | | |
|  | 234 | Investigative Report dated August 10, 2006 by Chiles | X | 403 | | | |
|  | 235 | Investigative Report dated August 10, 2006 by Robeson | X | 403 | | | |
|  | 236 | Investigative Report dated August 10, 2006 by Hank | X | 403 | | | |
|  | 237 | Letter authored by Troy Sampson dated August 10, 2006 | X | N/A | ✓ | | |
|  | 238 | CV of Dr. Shoiab | | N/A | ✓ | | |
|  | 239 | Evaluation Notes from session with Troy Sampson dated August 3, 2006 authored by Dr. Mohammad Shoiab, M.D. | X | N/A | ✓ | | |
|  | 240 | Evaluation Notes from session with Troy Sampson dated August 10, 2006 authored by Dr. Mohammad Shoiab, M.D. | X | N/A | ✓ | | |
|  | 241 | Inmate Release Account Statement for Troy Sampson | X | 402 | | | |
|  | 242 | Commissary Order form for Troy Sampson dated August 10, 2006. | X | 402 | | | |
|  | 243 | CV of Dr. Ron Martinelli | | N/A | ✓ | | |
|  | 244 | Nebraska Jail Standards Inspection Report for 2005 | X | 402, 403 | | | |
|  | 245 | Nebraska Jail Standards Inspection Report for 2006 | X | 402, 403 | | | |
|  | 246 | Note for file dated 8/10/2006 by Nurse Julian | X | N/A | ✓ | | |

- 3 -



| Exhibit No. | | | | | | | |
|---|---|---|---|---|---|---|---|
| PL | DF | Description | OFF | OBJ | RCV | NOT RCVD | DATE |
| | 247 | Release of Medical Information sent to Dr. O'Neill and NRC for information for DCC and Dr. Shoiab dated July 31, 2006 | X | N/A | ✓ | | |
| | 248 | Pass Book pages from 7/30-8/10/2006 re: Sampson | X | N/A | ✓ | | |
| | 249 | Cell Check Logs for Cells housing Sampson dated 7/31-8/10 | X | N/A | ✓ | | |
| | 250 | Inmate Request form dated 8/1/06 | X | N/A | ✓ | | |
| | 251 | Inmate Request form dated 8/2/06 | X | N/A | ✓ | | |
| | 252 | Inmate Request form dated 8/3/06 | X | N/A | ✓ | | |
| | 253 | Inmate Request form dated 8/8/06 | X | N/A | ✓ | | |
| | 254 | Job description for Correctional Officer | X | N/A | ✓ | | |