IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHERRY LUCKERT, Personal Representative of the Estate of Troy Sampson, Deceased,<br><br>   Plaintiff,<br><br>  v.<br><br>DODGE COUNTY, et al.,<br><br>   Defendants. | 8:07CV5010<br><br>MEMORANDUM AND ORDER |

  This matter is before the court on defendants' motion in limine to strike plaintiff's expert or, in the alternative, challenging admissibility of testimony of plaintiff's expert witness under Fed. R. Evid. 702 and *Daubert*, Filing No. 115; plaintiff's motion in limine for an order precluding the testimony of defense expert Ron Martinelli, Filing No. 142, defendants' motion in limine to limit the testimony of expert Lindsay Hayes, Filing No. 144; defendants' motion in limine, Filing No. 146; defendants' motion in limine and request for *in camera* review, Filing No. 149; plaintiff's motion for voir dire, Filing No. 161; plaintiff's motion for sanctions, Filing No. 163, and plaintiff's amended motion for sanctions, Filing No. 166.  This is an action for damages and injunctive relief for wrongful death and deprivation of civil rights under 42 U.S.C. § 1983, brought by Sherry Luckert, the Personal Representative of the Estate of Troy Sampson, on behalf of the deceased, Troy Sampson. Sampson, a pretrial detainee, committed suicide by hanging himself with a bed sheet from a ceiling vent in his cell at the Dodge County Nebraska Corrections facility ("DCC") on August 10, 2006.

Both parties ask the court to strike the testimony of the respective opposing expert witnesses. In their motions in limine, the defendants seek preclusion of evidence of other suicides. Further, the defendants ask the court to bar reference to contents of personnel files that relate to disciplinary issues. The plaintiff moves for the court to consider and allow certain questions during voir dire and moves for sanctions for allegedly untruthful testimony and failure to divulge certain information.

Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissable for any purpose." *Id*. In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id*. To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

Generally, the court is unable to evaluate the relevance of the challenged evidence in the context of a pretrial motion. Defendants' concerns may warrant a cautionary or limiting instruction, but the court cannot determine the ambit of such an instruction at this time. The court will admit the evidence at issue only on a showing that it is relevant to the

issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. The court finds the motions can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury.

That said, the parties are admonished that any personnel file issues need to be taken up with the court outside the presence of the jury, before any evidence on the subject is presented. Previous suicides are relevant if they are similar to the incident in the instant case, i.e., attempted strangulation cases. The plaintiff may also use the number (not the details) of attempted suicides in this facility to demonstrate that such acts are not aberrations. There is no statute of limitations for evidence of prior acts. If the acts are within ten years and similar to the instant case, they generally will be admissible. Accordingly, the court finds that the motions in limine should be overruled at this time, without prejudice to reassertion via timely objection to the admissibility of the evidence at trial.

Federal Rule of Evidence 702 governs the admissibility of expert testimony and requires that: "(1) the evidence must be based on scientific, technical or other specialized knowledge that is useful to the finder of fact in deciding the ultimate issue of fact; (2) the witness must have sufficient expertise to assist the trier of fact; and (3) the evidence must be reliable or trustworthy." *Kudabeck v. Kroger Co.*, 338 F.3d 856, 859 (8th Cir. 2003). Expert testimony assists the trier of fact when it provides information beyond the common knowledge of the trier of fact. *Id.* at 860.

When faced with a proffer of expert testimony, trial judges are charged with the "gatekeeping" responsibility of ensuring that all expert evidence admitted is both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *United States v. Wintermute*, 443 F.3d 993, 1000 (8th Cir. 2006). A trial court must be given wide latitude in determining whether an expert's testimony is reliable. *See Kumho Tire*, 526 U.S. at 152. This analysis requires that the court make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology . . . can be [properly] applied to the facts in issue." *Daubert*, 509 U.S. at 592-93. The court may consider several factors in determining the soundness of the scientific methodology including: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the existence and maintenance of standards controlling the technique; and (4) whether the theory or technique used has been generally accepted in the relevant scientific community. *Id.* at 593-594. Courts must focus on the principles and methodology rather than the conclusion they generate. *Id.* at 595.

"Nothing in Rule 702, *Daubert*, or its progeny requires 'that an expert resolve an ultimate issue of fact to a scientific absolute in order to be admissible.'" *Kudabeck*, 338 F.3d at 861 (quoting *Bonner v. ISP Techs., Inc.*, 259 F.3d 924, 929 (8th Cir. 2001)). Rather, the proponent of expert testimony bears the burden of providing admissibility by a preponderance of the evidence. *Lauzon v. Senco Prods.*, 270 F.3d 681, 686 (8th Cir. 2001). The United States Court of Appeals for the Eighth Circuit adheres to the rule that

4

when the application of a scientific methodology is challenged as unreliable under *Daubert* and the methodology itself is otherwise sufficiently reliable, outright exclusion of the evidence is "warranted only if the methodology was so altered by a deficient application as to skew the methodology itself." *United States v. Gipson,* 383 F.3d 689, 697 (8th Cir. 2004) (brackets omitted) (quoting *United States v. Martinez,* 3 F.3d 1191, 1198 (8th Cir. 1993)).

The court finds the experts for both sides appear to be generally qualified. However, their expertise on the subject matter in question must be demonstrated before their testimony will be allowed. Testimony from each witness will not exceed the logical parameters of the Rule 26 designation, the discovery to date, and the expert's deposition taken in this case.

Further, the court finds the motions for sanctions can be taken up at the jury instruction conference before trial. Accordingly,

IT IS HEREBY ORDERED:

1. Defendants' motion in limine to strike plaintiff's expert or, in the alternative, challenging admissibility of testimony of plaintiff's expert witness under Fed. R. Evid. 702 and Daubert (Filing No. 115) is denied.

2. Plaintiff's motion in limine (Filing No. 142) is denied.

3. Defendants' motion in limine to limit the testimony of expert Lindsay Hayes, (Filing No. 144) is denied.

4. Defendants' motion in limine (Filing No. 146) is denied.

5. Defendants' motion in limine and request for *in camera* review (Filing No. 149) is denied.

6. Plaintiff's motion for voir dire, Filing No. 161, is denied at this time without prejudice to reassertion.

7. Plaintiff's motion for sanctions (Filing No. 163) and amended motion for sanctions (Filing No. 166) will be addressed at the instruction conference prior to trial.

DATED this 10th day of June, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Court Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.