IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHERRY LUCKERT, personal representative of the estate of TROY SAMPSON, deceased, | ) ) ) ) | 8:07CV5010 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | INITIAL JURY INSTRUCTIONS |
| COUNTY OF DODGE, a Nebraska Political Subdivision, DOUG CAMPBELL, in his individual and official capacity, TIFFANY WILLMS, in her individual and official capacity, JO-EL CHILES, in his individual and official capacity, and CYNTHIA JULIAN, in her individual and official capacity, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**INSTRUCTION NO. 1**

**DUTY**

It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendants.  From the evidence, you will decide what the facts are. You are entitled to consider the evidence in the light of your own observations and experiences in life.  You may use reason and common sense to draw deductions from facts established by the evidence. You will then apply those facts to the law which I give you in these and the other instructions. In that way, you will reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree or disagree with the law stated in the instructions.

Do not allow sympathy or prejudice to influence you. The law requires that your verdict be unaffected by anything except the evidence, your common sense, and the law stated in these and other instructions.

Anything that I may say or do during the trial must not be taken by you as an indication of what I think of the evidence or what I think your verdict should be.

## INSTRUCTION NO. 2

## EVIDENCE

The word "evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated, that is, formally agreed to by the parties; and any facts that have been judicially noticed, that is, facts which I say you must accept as true.

The following things are not evidence:

1.    Statements, arguments, questions and comments by lawyers are not evidence.

2.    Objections are not evidence.  Lawyers have an obligation to their clients to object when they believe that the evidence being offered is improper under the rules of evidence. You should not be influenced by the lawyer's objection or by my ruling on it. If I sustain an objection to a question, ignore the question. If I overrule the objection, treat the answer like any other answer. Do not attempt to draw any inference in favor of either side as the result of any ruling I make. Finally, if I instruct you that some item of evidence is received for a limited purpose only, you must follow that instruction.  Pay particularly close attention to this sort of limiting instruction, because it may not be available to you in writing later in the jury room.

3.    Testimony that I strike from the record or tell you to disregard is not evidence and must not be considered.

4.    Anything you see or hear about this case outside this courtroom is not evidence and must be disregarded.

Finally, some of you may have heard the phrases or terms "direct evidence" and "circumstantial evidence."  Direct evidence is direct proof of a fact, such as testimony by an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should give the evidence the weight that you believe the evidence is entitled to receive.

**INSTRUCTION NO. 3**

**BENCH CONFERENCES AND RECESSES**

During the trial it may become necessary for me to talk with the lawyers outside your hearing, either by having a bench conference while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, the court and counsel are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence or to decide a particular procedure to be followed in the case.  We will, of course, do what we can to minimize the number and length of these conferences.

**INSTRUCTION NO. 4**

**JURY QUESTIONS**

While evidence is being presented, you are not allowed to raise your hands to ask questions about that evidence.  However, if you do have questions about something you hear during the examination of a witness, you may write your questions down on a piece of paper.  When the attorneys have finished examining that witness, you may submit your written question or questions.  I will review each question with the attorneys. You may not receive an answer to your question because I may decide that the question is not proper under the rules of evidence. The attorneys may choose to answer your questions by asking more questions of the witness. But even if the question is proper, you may not get an immediate answer to your question. For instance, a witness or an exhibit that you will see later in the trial may answer your question.

**INSTRUCTION NO. 5**

**NOTE-TAKING**

If you wish, you may take notes to help you remember what witnesses said.  Notes may be helpful to you because at the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony.  Therefore, you should pay close attention to the testimony as it is given.

If you do take notes, please keep them to yourself until you and the other jurors go to the jury room to decide this case.  However, do not let note-taking distract you to the point that you miss hearing other testimony from the witness.

During the trial, documents or other physical items may be received into evidence. At the present, however, you will not be supplied with a list of exhibits which are received in evidence.  Therefore, you may wish to make notes about the exhibits, especially their description and number, so that you can refer to those exhibits while you are deliberating.

When we take our recess each day for the lunchtime break and when we take our recess each night, please take your notes to the jury room and leave your notes there.  The courtroom deputy will take custody of your notes and secure them.

No one will read your notes but you. Your notes will be destroyed after the trial is over.

**INSTRUCTION NO. 6**

**ALL PERSONS ARE EQUAL BEFORE THE LAW**

This is a case that involves a government entity.  The case should be considered and decided by you as an action between two persons of equal standing and worth in the community, persons holding the same or similar position in life.  An entity is entitled to the same fair trial at your hands as a private individual.  All persons, including corporations, partnerships, agencies, government entities, and other organizations stand equal before the law, and therefore must be treated as equals in a court of justice.

# INSTRUCTION NO. 7

## PREPONDERANCE OF EVIDENCE

Your verdict depends on whether you find certain facts have been proven. The burden of proving a fact is upon the party whose claim or defense depends on that fact. The party who has the burden of proving a fact must prove it by the greater weight of the evidence, also known as a "preponderance of the evidence."

By a "preponderance of the evidence," I mean the greater weight of credible evidence.  This is not determined by which party has the greater number of witnesses testifying about the facts and circumstances or by the number of exhibits. Preponderance of the evidence is determined by the amount of evidence which on the whole, when fully, fairly and impartially considered, makes the stronger impression on your mind and is more convincing as to its truth when weighed against the evidence the other party has presented.

To prove something by a preponderance of evidence is to prove that it is more likely true than not.  Each party is entitled to the benefit of any evidence tending to establish a claim, even though the other party introduced that evidence. If the evidence is equally balanced, a preponderance is not established.

You may have heard the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this one. You should, therefore, put the term out of your minds.

## INSTRUCTION NO. 8

### WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

The fact that one side may use a greater number of witnesses or present a greater quantity of evidence should not affect your decision. Rather, determine which witness or witnesses and which evidence appears accurate and trustworthy. It is the weight of the evidence that counts -- not the number of witnesses.

If the testimony of a single witness produces in your minds a belief in the likely truth of any fact and would justify a verdict in accordance with the witness's testimony, even though a number of witnesses may have testified to the contrary, and you have considered all of the evidence in the case, then you hold greater belief in the accuracy and reliability of this single witness.

## INSTRUCTION NO. 9

## EXPERT WITNESS

A witness who has special knowledge, skill, experience, training, or education in a particular area may testify as an expert in that area. An expert may state opinions in the witness's area of expertise and may also state the reasons for those opinions.

You determine what weight, if any, to give to an expert's testimony just as you do with the testimony of any other witness. You should consider the expert's credibility as a witness, the expert's qualifications as an expert, including the expert's education and experience, the sources of the expert's information, the soundness of the reasons given for any opinions expressed by the expert, the acceptability of the methods used, and all the other evidence in the case.

If you decide that the opinion of an expert is not based upon sufficient education or experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you conclude that the opinion is outweighed by other evidence including that of another expert witness, you may disregard the opinion in part or in its entirety.

**INSTRUCTION NO. 10**

**DEPOSITION TESTIMONY**

During the trial, certain testimony might be presented to you by way of deposition. A deposition consists of sworn recorded answers to questions asked of a witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason, cannot be present to testify from the witness stand may be presented in writing under oath.  Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by the jury, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

## INSTRUCTION NO. 11

## CONDUCT OF THE JURY

To insure fairness, jurors are asked to obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with this case, until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, during this trial when you are outside this courtroom, do not listen to or let anyone try to tell you anything about this case. Do not let anyone talk to you about anyone involved with this case until the trial has ended and I have accepted your verdict. If anyone tries to talk to you about this case during the trial, please promptly report the matter to me.

Fourth, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case, which means that you should not even pass the time of day with any of them.  If a person from one side of the lawsuit sees you talking to a person from the other side, even if it is on a matter unconnected with this trial or simply to pass the time of day, such contact might arouse an unwarranted suspicion about your fairness.  If a lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator, or encounter each other elsewhere while this trial is taking place, do not think he or she is being rude. Those persons are not supposed to talk or visit with you, either.

Fifth, you must decide this case on the basis of evidence presented in the courtroom.  Therefore, do not read any news stories or articles about the case, or about anyone involved with this case, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over you should probably avoid reading any newspapers or news journals, and avoid listening to any TV or radio newscasts. There might not be any news reports of this case, but, if there are, you might

find yourself inadvertently reading or listening to something before you realize what you are doing.

Sixth, do not do any research, on the internet or otherwise, or make any investigation on your own concerning this case. Do not use or refer to a dictionary or any law books concerning any aspect of this case, including any evidence introduced. Do not visit the scene of any incident that may have been mentioned in this case.

Seventh, do not form an opinion about any fact or issue in the case until you have received all of the evidence, have heard arguments of counsel, have been instructed as to the law of the case, and have retired to the jury room. Consequently, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and have discussed the evidence with the other jurors.

Finally, do not be influenced by sympathy or prejudice. Do not indulge in any speculation, guess, or conjecture. And do not make any inferences which are not supported by the evidence.

# INSTRUCTION NO. 12

## OUTSIDE COMMUNICATIONS AND RESEARCH

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom because the parties must have an opportunity to respond to any information you consider in deciding this case.  This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or entities involved in the case.  In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, chat rooms, social networking websites including Facebook, My Space, LinkedIn or YouTube, or use your cell phones, iPhones, text messaging, Twitter or any other electronic tools or devices to obtain information about this case or to help you decide the case.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors.  After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end.  I hope that for all of you this case is interesting and noteworthy.  However, until you have returned a verdict and the case is at an end, you must not talk to anyone or communicate with anyone about the case by any means, electronic or otherwise.  This includes communications with your family and friends.  Such communication would compromise your fairness as jurors and may require your removal from the case and a retrial of this matter at considerable expense to the parties.

## INSTRUCTION NO. 13

## OUTLINE OF TRIAL

The trial will proceed in the following manner:

First, the attorney for the plaintiff may make an opening statement. Next, the attorney for the defendants may make an opening statement.  An opening statement is not evidence or argument. It is an outline of what the party intends to prove, a summary of what the attorney expects the evidence to be.

The plaintiff's attorney will then present evidence through a direct examination of a witness.  The defendants' attorney may then cross-examine that witness.  After the cross-examination, the plaintiff's attorney may ask additional questions on re-direct. The defendants' attorney may also ask questions on re-cross. After the plaintiff has presented all her witnesses, the plaintiff will rest.  The defendants will then present their case.  The defendants may present evidence through direct examination of witnesses and the plaintiff's attorney may cross-examine those witnesses. Re-direct and re-cross examinations may also take place.

After the evidence is completely presented, the attorneys will make their closing arguments to summarize and interpret the evidence for you.  Just as with opening statements, these closing arguments are not evidence. I will then instruct you further on the law.  After that you will retire to the jury room to deliberate on your verdict.

## INSTRUCTION NO. 14

## STATEMENT OF THE CASE

This is an action for deprivation of constitutional rights brought under Section 1983 of the Civil Rights Act of 1871, 42 U.S.C. § 1983.  Section 1983 provides that a person may seek relief in court by way of damages against anyone who, under color of state law, deprives him or her of rights protected by the Constitution or laws of the United States. Prisoners and pretrial detainees have a right, under the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution, to be protected from deliberate indifference to their serious medical needs while in custody.  An official is deliberately indifferent if he disregards a known risk to a prisoner's health.

In this case, the plaintiff, Sherry Luckert, the personal representative of the estate of her deceased son, Troy Sampson (referred to in these Instructions as the plaintiff's decedent or Sampson) alleges that defendant Dodge County and its employees Doug Campbell, Cynthia Julian, Jo-El Chiles, and Tiffany Willms, while acting under color of state law, violated Sampson's due process rights by failing to properly assess Sampson's serious medical needs and to prevent his suicide while he was incarcerated at Dodge County Jail. Specifically, the plaintiff alleges that  Troy Sampson had serious medical need for mental health care, that the defendants  were aware that he was suicidal and that, with deliberate indifference, they failed or refused to provide medical care or failed or refused to direct that medical care be provided to him,  and Troy Sampson's suicide was the direct result of the defendants' actions or inactions.  The plaintiff further alleges that Dodge County is liable under Section 1983 because it had a policy, custom, or practice of failing to train its employees to be observant of and act upon signs and indications of suicide in detainees and had an inadequate suicide prevention policy.

The defendants deny the plaintiff's claims.

I will briefly explain the elements that the plaintiff must prove in order to prevail on her claims.  This is only a general and preliminary outline of the claims.  I will instruct you further and in more detail with respect to the law and the issues you are to address at the close of evidence.

## INSTRUCTION NO. 15

## UNCONTROVERTED FACTS

The parties agree that the following may be accepted as established facts for the purposes of this case only:

1.  That venue is proper in Omaha, Nebraska;

2.  That the plaintiff is a resident of the State of Missouri;

3.  That defendant Dodge County is a Nebraska political subdivision;

4.  That defendants Campbell, Julian, Chiles, and Willms are residents of the State of Nebraska.

5.  Defendant Doug Campbell ("Campbell") is and was at all times relevant to this matter, the Director of Dodge County Corrections ("DCC") in Fremont, Nebraska. Campbell has been the Director since September 1995. Prior to holding the position of Director, Campbell had been employed in corrections since 1979.

6.  Defendant Cynthia Julian ("Julian") is, and was, during all relevant times to this matter, a registered nurse providing health care services to the inmates housed at Dodge County Corrections. As the Nurse, Julian is responsible for maintaining the medical files of all Dodge County Corrections inmates, and overseeing the care, custody, and control of said files. At the time of Mr. Sampson's suicide, Julian had been employed by Dodge County Corrections for approximately one month. She has been a registered nurse since 1996, and holds a Bachelors of Science in Nursing and is a Certified Case Manager.

7.  Mark Robeson ("Robeson"), now deceased, was, during all times relevant to this lawsuit, employed as a Lieutenant for DCC.  Robeson retired from the DCC on or about December 16, 2006, after 20 years of service.

8.  Defendant Jo-el Chiles ("Chiles), is and was, during all times relevant to this matter, a Correctional Officer for DCC. Chiles began his employment with DCC in 2002 and left DCC employment on September 20, 2009.

9.  Defendant Tiffany Willms ("Willms"), during all times relevant to this matter, was a Correctional Officer for DCC. She was also a full-time student at Midland Lutheran College majoring in Criminal Justice.

10.  That Troy Sampson was on suicide watch continuously between July 30 and August 10, 2006

11.  When an inmate has mental health issues, DCC uses Dr. Mohammad Shoaib as the psychiatrist.  Sampson was transported to Dr. Shoiab's office for appointments on August 3 and 10, 2006.

12.  On August 10, 2006, Sampson hung himself in his cell and died of asphyxiation.

13.  That the Dodge County Department of Corrections Policy &Procedure Manual was in full force and effect between July 30 and August 10, 2006.

14.  DCC was inspected by the Nebraska Jail Standards Division yearly and passed its inspections.  In 2005 and 2006, DCC was in full compliance with the Nebraska Jail Standards.

**INSTRUCTION NO. 16**

**CONSIDER EACH CLAIM AND EACH DEFENDANT SEPARATELY**

Keep in mind that you must give separate consideration to the evidence about each defendant.  The rules of law that apply to the plaintiff's claims against defendant Dodge County are different from the rules of law that apply to the plaintiff's claim against defendants Campbell, Julian, Chiles, and Willms and each claim and each defendant must be considered separately.

## INSTRUCTION NO. 17

## SECTION 1983:  DELIBERATE INDIFFERENCE TO

## SERIOUS MEDICAL NEEDS

### PLAINTIFF'S CLAIM AGAINST INDIVIDUAL DEFENDANTS - ELEMENTS

In order to prevail against defendants Campbell, Julian, Chiles, and Willms on her claim of deliberate indifference to the decedent Troy Sampson's serious medical needs, the plaintiff must prove all of the following elements by a preponderance of the evidence with respect to each defendant:

1.     That Sampson had a serious need for medical or psychiatric treatment or evaluation;

2.     That each defendant was aware of the plaintiff's serious need for such medical care;

3.     That each defendant, with deliberate indifference, failed to provide the medical care or to direct that the medical care be provided;

4.     That the failure to provide medical care proximately caused Sampson's death by suicide; and

5.     That each defendant was acting under color of state law.

If any of the above elements has not been proved with respect to each defendant, then your verdict must be for that defendant on this claim.  If all of the above elements have been proved with respect to each defendant, your verdict must be for the plaintiff on her claim against that defendant.

**INSTRUCTION NO. 18**

**DEFINITION: COLOR OF STATE LAW (42 U.S.C. § 1983)**

Acts are done under color of law when a person acts or purports to act in the performance of official duties under any state, county or municipal law, ordinance or regulation.

**INSTRUCTION NO. 19**

**DEFINITION:  SERIOUS MEDICAL NEED**

A serious medical need is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.

**INSTRUCTION NO. 20**

**DEFINITION: DELIBERATE INDIFFERENCE**

Deliberate indifference, as used in this case, is established only if there is actual knowledge of a substantial risk that the detainee may be suicidal and the defendant consciously disregards that risk by failing or refusing to take reasonable measures to deal with the problem.  Deliberate indifference includes something more than mere negligence but less than actual intent to harm.  It requires proof of a reckless disregard of the known risk.

**INSTRUCTION NO. 21**

**DEFINITION:  PROXIMATE CAUSE**

An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case that the act or omission played a substantial part in bringing about or actually causing the injury or damage to the decedent, and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

**INSTRUCTION NO. 22**

**SECTION 1983: CLAIMS AGAINST DODGE COUNTY**

**MUNICIPAL LIABILITY GENERALLY**

Ordinarily, a corporation—including a governmental entity such as Dodge County—is legally responsible for the acts of its employees that are carried out in the regular course of their job duties.  This is known in the law as the doctrine of "respondeat superior" which means "let the superior respond" for any losses or injuries wrongfully caused by its employees in the performance of their jobs.  This doctrine does not apply, however, in a case such as this where the plaintiff claims a violation of constitutional rights.

A county is not automatically liable for violations of civil rights by its employees. However, a county can be found liable under Section 1983 where the county itself causes the constitutional violation at issue.  When the county's formal or informal policy inflicts a constitutional injury, the county may be held liable.  A governmental entity is responsible only when an injury is inflicted through the execution of its policies or customs.  It is not enough merely to show that a Dodge County employee caused an injury.

**INSTRUCTION NO. 23**

**MUNICIPAL LIABILITY - CUSTOM OR POLICY EXPLAINED**

To establish municipal liability under § 1983, a plaintiff must show that a constitutional violation was committed pursuant to an official policy or custom and that such policy or custom was the moving force behind an injury.

An "official policy" is a rule or regulation promulgated, adopted, or ratified by the governmental entity's legislative body, or an action that involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy.

An act performed pursuant to a custom or practice (that has not been formally approved by an appropriate decision maker) may subject a municipality to liability if the practice or custom is so persistent, pervasive, widespread, and longstanding among non-policymaking employees as to have the force of law.

## INSTRUCTION NO. 24

## DEFENDANT DODGE COUNTY:  CLAIM I

## CUSTOM OR PRACTICE OF PROVIDING INADEQUATE TREATMENT – ELEMENTS

To succeed on her claim against Dodge County for failing to implement reasonable suicide prevention practices, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1.     That Dodge County officials and employees had a custom or practice of failing to implement reasonable suicide prevention practices.

2.     That Dodge County officials had notice, as instructed in Instruction No. 26, that its customs and practices were inadequate and likely to result in violations of constitutional rights, and failed to take remedial steps to change them.

3.     That Dodge County's failure to change the customs or practices caused the violation of Sampson's constitutional rights.

If you find that the plaintiff has proved each of these elements by a preponderance of the evidence, then your verdict must be for the plaintiff on this claim.

If you find that the plaintiff has failed to prove any one of these elements by a preponderance of the evidence, then you must find for defendant Dodge County.

**INSTRUCTION NO. 25**

**DEFENDANT DODGE COUNTY: CLAIM II**

**FAILURE TO TRAIN - ELEMENTS**

To succeed on her claim against Dodge County for failure to train, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. That Dodge County had a custom or practice of failing to train its employees to be observant of and act upon signs and indications of the risk of suicide in detainees.

2. That Dodge County had notice, as instructed in Instruction No. 26, that its training procedures were inadequate and likely to result in violation of constitutional rights and failed to take remedial steps.

3. That Dodge County's failure to provide adequate training caused the violation of Sampson's constitutional rights.

If you find that the plaintiff has proved each of these elements by a preponderance of the evidence, then your verdict must be for the plaintiff on this claim.

If you find that the plaintiff has failed to prove any one of these elements by a preponderance of the evidence, then you must find for defendant Dodge County on this claim.

**INSTRUCTION NO. 26**

**MUNICIPAL LIABILITY - NOTICE EXPLAINED**

Notice to the County that its practices or training are inadequate and likely to result in a violation of constitutional rights may be proved in one of two ways.  First, notice may be implied where the inadequate practice or inadequate training is so likely to result in a violation of constitutional rights that the need for a different practice or additional or different training is patently obvious.  Second, even if the need is not obvious from the outset, proof of a pattern of constitutional violations is enough to put the County on notice that its employees' responses to a regularly recurring situation are insufficient to protect the constitutional rights of the detainees.

**INSTRUCTION NO. 27**

**DAMAGES: GENERALLY**

If you find that the plaintiff has proved any of her claims against any of the defendants, then you must determine what amount of damages, if any, the plaintiff is entitled to recover.

I will instruct you further with respect to damages at the close of the case.