IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHERRY LUCKERT, personal representative of the estate of TROY SAMPSON, deceased, | ) ) ) ) | 8:07CV5010 |
| Plaintiff, | ) ) | |
| vs. | ) ) | CLOSING JURY INSTRUCTIONS |
| COUNTY OF DODGE, a Nebraska Political Subdivision, DOUG CAMPBELL, in his individual and official capacity, and CYNTHIA JULIAN, in her individual and official capacity, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**INSTRUCTION NO. 28**

**INTRODUCTION**

Now that you have heard the evidence and the attorneys' arguments, it is my duty to inform you of the legal principles and considerations you are to use in arriving at a proper verdict.

It is your duty to follow the law given you in this charge and to apply these rules of law to the facts as you find them from the evidence. Do not single out one instruction alone as stating the law, but consider the instructions as a whole.

Do not be concerned with the wisdom of any rule of law that the court states. Regardless of any opinion you may have about what the law ought to be, it would violate your sworn duty to base a verdict upon a view of the law different from the one given in these instructions, just as it would violate your sworn duty as judges of the facts to base a verdict upon anything but the evidence in the case and the reasonable inferences arising from such evidence.

# INSTRUCTION NO. 29

## EXPLANATORY

Members of the jury, most of the instructions I gave at the beginning of the trial and during the trial remain in effect. Some instructions have been deleted from your preliminary set and those instructions should not be considered. I will now give you some additional instructions.

Other than the instructions that have been deleted from your preliminary set, you must continue to follow the instructions that I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier, other than the deleted instructions, are in writing and will be available to you in the jury room.

You will also receive a verdict form to use in conjunction with these instructions.

**INSTRUCTION NO. 30**

**DAMAGES - PAIN AND SUFFERING, MEDICAL EXPENSES, AND**

**FUNERAL AND BURIAL EXPENSES**

If you find in favor of the plaintiff, then you must award the plaintiff such sum as you find will fairly and justly compensate Troy Sampson's estate for any damages you find Sampson sustained as a direct result of the failure to provide him with medical care. In making this determination, you should consider:

1. The conscious physical and mental pain and suffering Sampson experienced between the time of the denial of medical care and the time of his death.

Remember, throughout your deliberations you must not engage in any speculations, guess, or conjecture and you must not award any damages under this Instruction by way of punishment or through sympathy.

**INSTRUCTION NO. 31**

**NOMINAL DAMAGES**

If you find in favor of the plaintiff on any of her claims, but you find that the plaintiff's damages have no monetary value, then you must return a verdict for the plaintiff in the nominal amount of One Dollar ($1.00).

## INSTRUCTION NO. 32

## PUNITIVE DAMAGES

In addition to the damages mentioned in other instructions, the law permits the jury to award punitive damages under certain circumstances. You may not award punitive damages against Defendant Dodge County.

If you find in favor of the plaintiff and against any individual defendant under Instruction No. 17, and you find that the conduct of that defendant in failing to provide medical care was malicious or that the defendant or defendants acted with reckless or callous indifference to Sampson's constitutional rights, then in addition to any other damages to which you find the plaintiff entitled, you may, but are not required to, award the plaintiff an additional amount as punitive damages, for the purposes of punishing the defendant for engaging in such misconduct and deterring the defendant and others from engaging in such misconduct in the future.

In determining whether to award punitive damages, you should consider whether the defendant's conduct was reprehensible. In this regard, you may consider whether the harm suffered by Sampson was physical or economic or both; whether there was violence, deceit, intentional malice, or reckless disregard for human health or safety; whether the conduct that harmed Sampson also caused harm or posed a risk of harm to others; and whether there was any repetition of the wrongful conduct or past conduct of the sort that harmed Sampson.

If you decide to award punitive damages, you should consider the following in deciding the amount of punitive damages to award:

1. How much harm the defendant's wrongful conduct caused Sampson. You

    may not consider the harm to others in deciding the amount of punitive damages to award.

  2. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering each defendant's financial condition, to punish that defendant for his or her wrongful conduct toward Sampson and to deter that defendant and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Sampson.

You may assess punitive damages against any or all of the individual defendants or you may refuse to impose punitive damages. If punitive damages are assessed against more than one defendant, the amounts assessed against such defendants may be the same or they may be different. If you find that punitive damages should be assessed against any defendant, you may consider the financial resources of that defendant in fixing the amount of such damages.

## INSTRUCTION NO. 33

## DEFINITIONS

"Intended" or "intentionally" - denotes that the actor desired to cause the consequences of the act, or that he or she believed that the consequences were substantially certain to result from it.

"Maliciously" means intentionally injuring another without just cause or reason.

"Negligence" is the doing of something that an ordinary and reasonable person would not have done under similar circumstances or the failure to do something which a reasonable person would have done under similar circumstances.

"Reckless" means to consciously disregard a substantial risk of serious harm.

**INSTRUCTION NO. 34**

**JUDGE'S OPINION**

In the trial of this case and in these instructions, I have in no way attempted to express my opinion about who should prevail upon the issues submitted to you. You must not construe any statement, action, or ruling on my part during the trial as an indication of my opinion about the proper outcome of your verdict. During the course of a trial, I might have occasionally asked questions of a witness to bring out facts not fully covered in the testimony. Do not assume that I hold any opinion on the matters to which the questions related.

## INSTRUCTION NO. 35

## EVIDENCE AND OBJECTIONS

During the trial I have ruled on objections to certain evidence. You must not concern yourselves with the reason for such rulings since they are controlled by rules of law.

You must not speculate or form or act upon any opinion about how a witness might have testified in answer to questions which I rejected during the trial, or upon any subject matter to which I forbade inquiry.

In coming to any conclusion in this case, you must be governed by the evidence before you and by the evidence alone. You may not indulge in speculation, conjecture or inference not supported by the evidence.

The evidence from which you are to find the facts consists of the following: (1) the testimony of the witnesses; (2) documents and other things received as exhibits; and (3) any facts that have been stipulated—that is, formally agreed to by the parties.

The following things are not evidence: (1) statements, comments, questions and arguments by lawyers for the parties; (2) questions by jurors; (3) objections to questions; (4) any testimony I told you to disregard; and (5) anything you may have seen or heard about this case outside the courtroom.

# INSTRUCTION NO. 36

## REASONABLE INFERENCES

While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

# INSTRUCTION NO. 37

## NOTE-TAKING

Throughout the course of the trial you have been allowed to take notes of the testimony. You may take your notes into the jury room for use in your deliberations. Remember, however, your notes are not evidence. The courtroom deputy is charged with the task of keeping the official record of all exhibits received into evidence during the trial. At the close of trial, she will deliver all exhibits you are to consider in your deliberations.

Your notes should be used only as aids to your memory. You should not give your notes precedence over your independent recollection of the evidence. You should rely on your own independent recollection of the proceedings, and you should not be influenced by the notes of other jurors. Your notes are not entitled to any greater weight than each juror's recollection or impression of the testimony given during this trial. After you have reached a verdict, your notes will be destroyed.

# INSTRUCTION NO. 38

## DELIBERATIONS AND VERDICT

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you retire to the jury room, first select one of your number to be foreperson to preside over your discussions and to speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement because a verdict—whether liable or not liable—must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, you will take with you when you retire for your deliberations an official verdict form on which you will indicate a verdict. Please follow the directions carefully when filling it out. A verdict must be agreed to by all of you, that is, it must be unanimous. Your verdict must be signed by the foreperson.

Fourth, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom deputy, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Your answer may not come immediately because I may need to assemble the attorneys and confer with them before I respond. Remember that you should not tell anyone—including me—how your votes stand numerically.

Finally, when you arrive at your verdict and the verdict form has been completed, you will have concluded your task. Notify my chambers and I will receive your verdict promptly.  If you do not agree on a verdict by 5:00 this evening, you may separate and return for further deliberations tomorrow.  You may separate for meals whenever you choose.  If you do separate, you are not allowed to discuss this case with anyone, even another juror.