IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| SHERRY LUCKERT, Personal Representative of the Estate of Troy Sampson, Deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | 8:07CV5010 |
| v. | ) ) | |
| DODGE COUNTY, a Nebraska Political Subdivision, DOUG CAMPBELL, in his individual and official capacity, and CYNTHIA JULIAN, R.N., in her individual and official capacity, | ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| Defendants. | ) ) | |

This matter is before the court on the defendants' motion for judgment as a matter of law under Rule 50(b) and motion for a new trial or, in the alternative, to alter or amend judgment under Rule 59(a), (e) (Filing No. 204). This is an action for deprivation of civil rights under 42 U.S.C. § 1983, involving a jail suicide, that was tried to a jury on June 21 through 28, 2010. The jury found in favor of the plaintiff on claims of deliberate indifference to serious medical needs against defendants Doug Campbell and Cynthia Julian and against defendant Dodge County on the claim of failing to implement reasonable suicide prevention practices. *Id.* The jury awarded actual damages (for conscious physical and mental pain and suffering, medical expenses, and funeral and burial expenses) in the amount of $750,000.00 and assessed punitive damages in the amount of $75,000.00 against defendant Campbell and $25,000.00 against defendant Julian. Filing No. 187, Jury Verdict; *see also* Filing No. 192, Final Jury Instructions, Instruction No. 30.

Defendants renew the Rule 50 motion asserted at trial and move for a new trial or amended judgment. They first assert the defense of qualified immunity. Defendants also challenge the sufficiency of the evidence and propriety of the jury instructions and contend improper conduct by plaintiff's counsel influenced the jury. Further, defendants argue that the verdict is excessive and seeks remittitur.

A motion for a new trial or amendment of judgment under Fed. R. Civ. P. 59 serves the limited function of allowing a court to correct manifest errors of law or fact or allowing a party to present newly discovered evidence. *United States v. Metropolitan St. Louis Sewer Dist.*, 440 F.3d 930, 934-35 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.* Rule 59(e) "provides a means 'to support reconsideration [by the court] of matters properly encompassed in a decision on the merits.'" *Leonard v. Dorsey and Whitney, LLP*, 553 F.3d 609, 620 (8th Cir. 2009). Under rule 59(e), the court may reconsider issues previously before it, and generally may examine the correctness of the judgment itself. *Id.*

New trials based on the weight of the evidence are generally disfavored, and the district court's authority to grant a new trial should be exercised sparingly and with caution. *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002). The jury's verdict must be allowed to stand unless the evidence weighs heavily enough against the verdict that a miscarriage of justice may have occurred. *United States v. Lacey*, 219 F.3d 779, 783 (8th Cir. 2000); *United States v. Anwar*, 428 F.3d 1102, 1109 (8th Cir. 2005) (stating that a district court may weigh the evidence and evaluate for itself the credibility of the witnesses in determining whether a new trial is warranted). The denial of a post-trial motion for

judgment as a matter of law is to be affirmed unless there was "'a complete absence of probative facts to support the conclusion reached' so that no reasonable juror could have found for the nonmoving party." *Sheriff v. Midwest Health Partners, P.C.*, 619 F.3d 923, 928 (8th Cir. 2010) (quoting *Hathaway v. Runyon,* 132 F.3d 1214, 1220 (8th Cir.1997). The evidence must be viewed in the light most favorable to the nonmoving party while assuming as proven all facts her evidence tends to show, resolving all evidentiary conflicts in her favor, and according her all reasonable inferences. *Id.* at 929.

A party is entitled to a new trial for attorney misconduct only where the violation constitutes prejudicial error or results in the denial of a fair trial. *Black v. Shultz,* 530 F.3d 702 (8th Cir. 2008) (involving violation of an order granting a motion in limine); *Littleton v. McNeely,* 562 F.3d 880, 889 (8th Cir. 2009) (noting that a new trial for improper closing argument should be granted only if the statements are plainly unwarranted and clearly injurious and cause prejudice to the opposing party and unfairly influence a jury's verdict).

A court has a mandatory duty to correct an unconstitutionally excessive verdict so that it conforms to the requirements of the due process clause. *Ross v. Kansas City Power & Light Co.,* 293 F.3d 1041, 1049 (8th Cir. 2002). Awards for pain and suffering are highly subjective and should be committed to the sound discretion of the jury, especially when the jury is being asked to determine injuries not easily calculated in economic terms. *Sheriff*, 619 F.3d 923, 932.

Regarding punitive damages, the most important factors to consider in a due process analysis include the degree of reprehensibility of the defendant's conduct and the ratio of punitive damages to the actual harm inflicted on the plaintiff. *White v. McKinley,* 605 F.3d 525, 538-39 (8th Cir. 2010). In practice, few awards exceeding a single-digit ratio

between punitive and compensatory damages, to a significant degree, will satisfy due process. *Id*. (noting that absent extremely reprehensible conduct or some special circumstance such as an extraordinarily small compensatory award, awards in excess of ten-to-one cannot stand).

Remittitur "is appropriate 'only when the verdict is so grossly excessive as to shock the conscience of the court.'" *Sheriff v. Midwest Health Partners, P.C.*, 619 F.3d 923, 931 (8th Cir. 2010) (quoting *Eich v. Board of Regents for Cent. Mo. State Univ.*, 350 F.3d 752, 763 (8th Cir. 2003). The denial of remittitur will be reversed only in the rare circumstance that the Court of Appeals is "pressed to conclude that the verdict represents a monstrous or shocking injustice." *Id.* at 932 (quoting *Benny M. Estes & Assocs., Inc. v. Time Ins. Co.*, 980 F.2d 1228, 1235 (8th Cir.1992) (citation omitted). Whether an award is excessive rests within the discretion of the trial court. *Hite v. Vermeer Mfg. Co.*, 446 F.3d 858, 869 (8th Cir. 2006).

Applying those standards, the court finds the defendants' motion should be denied. The court has reviewed the parties' submissions and is familiar with the evidence adduced at trial. The court finds the evidence, viewed in the light most favorable to the plaintiff, fully supports the jury's finding of deliberate indifference to serious medical needs. The evidence is also sufficient to support the actual damages award. The evidence shows that the plaintiff's decedent suffered considerable conscious physical and mental pain and suffering between the time of the denial of medical care and the time of his death. The amount of damages the jury awarded is not shocking, monstrous, or plainly unjust. The award of punitive damages is also supported by evidence that the defendants acted with reckless or callous indifference to Troy Sampson's constitutional rights. Further, the

punitive damage award is at least proportional to the compensatory damage award and is appropriate to the degree of reprehensibility of the defendants' conduct.

The defendants' argument that the defendants are entitled to qualified immunity is rejected for the reasons stated in the court's order on defendants' motion for summary judgment. See Filing No. 99, Memorandum and Order; *see also* Langford v. Norris, 614 F.3d 445 (8th Cir. 2010). The court finds no conduct by plaintiff's counsel so improper that it would have influenced the jury's verdict and the defendants have not shown that they were prejudiced or denied a fair trial by plaintiff's counsel's actions. Further, the court finds no error in the jury instructions. Accordingly,

IT IS ORDERED:

1. Defendants' motion for judgment as a matter of law under Rule 50(b) and motion for a new trial or, in the alternative, to alter or amend judgment under Rule 59 (Filing No. 204) is denied.

2. A judgment in conformity with this opinion will issue this date.

DATED this 10th day of November, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.