IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHERRY LUCKERT, Personal Representative of the Estate of Troy Sampson, Deceased, | |
| Plaintiff, | 8:07CV5010 |
| v. | |
| DODGE COUNTY, a Nebraska Political Subdivision, DOUG CAMPBELL, in his individual and official capacity, and CYNTHIA JULIAN, R.N., in her individual and official capacity, | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the court on the plaintiff's application for attorney's fees and costs, Filing No. 193, and renewed motion for fees and costs, Filing No. 236.

I. BACKGROUND

This is an action for deprivation of civil rights under 42 U.S.C. § 1983, involving a jail suicide, that was tried to a jury on June 21 through 28, 2010. The jury found in favor of the plaintiff and against defendants Doug Campbell and Cynthia Julian on the plaintiff's claims of deliberate indifference to serious medical needs and against defendant Dodge County on her claim of failing to implement reasonable suicide prevention practices at the jail. The plaintiff did not succeed on a related claim that Dodge County had failed to properly train its employees.

The plaintiff seeks a total award of fees in the amount of $117,067.70. *See* Filing No. 195, Index of Evid., Ex. 1, Affidavit of Maren Chaloupka (Chaloupka Aff.), Ex. A, billing records (ECF Doc. #195-1, Page ID # 2508-12); Filing No. 223, Index of Evid. (Supplemental), Ex. 1, Chaloupka Aff. at 6 (ECF Doc. #223-1, Page ID # 3627); Filing No.

237, Index of Evid. (Renewed), Chaloupka Aff., Ex. A, billing records (ECF Doc. 237-1, Page ID 4005). This amount represents 434.1 hours of attorney time at the rate of $195.00 per hour, 166.75 hours of paralegal time at the rate of $50.00 an hour and 35.6 hours of investigator time at $50.00 to $75.00 per hour. Filing No. 195, Index of Evid., Ex. 1, Chaloupka Aff., Ex. A, billing records (ECF Doc. #195-1, Page ID # 2508-12). It also includes "advances" of $21,415.00 and "billable expenses" of $450.00.[1] *Id.* at Page ID # 2511-12; Filing No. 237, Index of Evid. (Renewed), Chaloupka Aff., Ex. A, billing records (ECF Doc. 237-1, Page ID 4005). In support of her motion, the plaintiff has shown by affidavit that her firm's compensation is on a contingency fee basis, that she made several attempts to settle the case, and that hourly rates in excess of $195.00 for attorneys and $75.00 for paralegals are reasonable in this community. *See* Filing No. 195, Index of Evid., Ex. 1, Chaloupka Aff., Ex. A, billing records; Ex. 2, Affidavit of Lynne Jaben Bratcher (ECF Doc. 195-2, Page ID # 2550-52); Ex. 3, Affidavit of Jeffrey Patterson, (ECF Doc. 195-3 Page ID # 2554-55).

Defendants concede that the hourly rates are reasonable, but argue that the time spent is excessive. They also challenge the sufficiency of documentation in the time sheets and object to compensation sought for duplication of efforts by attorneys and paralegals. They contend that the costs of computerized legal research, photocopying and postage are not compensable, but should be subsumed in an attorney's overhead. They also argue that expert witness fees are not recoverable as part of attorney fees and that fees and expenses for a probate proceeding should be deducted for the award. In all, they contend that

---

[1] The "advances" include travel time, expert witness fees, filing fees, copying fees, court-reporter fees, witness fees and Westlaw computer research fees. Filing No. 195, Index of Evid., Ex. 1, Chaloupka Aff., Ex. A, billing records (ECF Doc. #195-1, Page ID # 2512). The "billable expenses" include photocopies and postage. *Id.* at Page ID # 2511.

2

$39,310.12 in requested fees or expenses should be disallowed. *See* Filing No. 212, Defendants' Brief at 18-19 (ECF Doc. #212, Page ID #2604-05); Addenda 1-6 (Doc. 212-1, Page ID # 2607-13).

II. DISCUSSION

A. Law

As a prevailing party in a civil rights action, a plaintiff is entitled to recover reasonable attorney fees. 42 U.S.C. § 1988. In providing for attorney fee awards in civil rights cases, "Congress intended to 'promote diffuse private enforcement of civil rights law by allowing the citizenry to monitor rights violations at their source, while imposing the costs of rights violations on the violators.'" *Emery v. Hunt*, 272 F.3d 1042, 1046 (8th Cir. 2001) (quoting *Casey v. City of Cabool,* 12 F.3d 799, 805 (8th Cir.1993)).

The fee applicant bears the burden of establishing entitlement to the award and documenting the appropriate hours expended and hourly rates. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 852 (8th Cir. 2002). The starting point in determining the amount of attorney fees is the "lodestar," which is calculated by multiplying the number of hours reasonably expended by reasonable hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Emery,* 272 F.3d at 1046 (8th Cir. 2001). In determining a reasonable attorney fee, the district court should consider the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1984), though it need not exhaustively address every factor.[2] *Id.* A reasonable hourly rate is usually the ordinary rate for similar work in the

---

[2] Those factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

3

community where the case has been litigated. *Emery,* 272 F.3d at 1048. Fees for legal and paralegal services should be allowed at the rates billed to clients for such services if that is the practice in the relevant market. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 286 (1989) (stating that the proposition that the "'reasonable attorney's fee' provided for by statute should compensate the work of paralegals, as well as that of attorneys" is self evident); *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 588 (2008) (paralegal fees are recoverable as attorney fees at their prevailing market rates).

The fee award must be justified by the plaintiff's level of success. *Emery* at 1047; *see also Hensley,* 461 U.S. at 436 (stating that the degree of success obtained is the "most critical factor"). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Hensley,* 461 U.S. at 435. When a plaintiff has prevailed on some claims but not on others, the plaintiff may be compensated for time spent on unsuccessful claims that were related to his successful claims, but not for time spent on unsuccessful claims that were "distinct in all respects from his successful claims." *Id.* at 440. Claims are related, and hence deserving of compensation, if they "involve a common core of facts" or are "based on related legal theories." *Id.* at 435; *Jenkins v. Missouri,* 127 F.3d 709, 716 (8th Cir.1997) (*en banc*).

In addition, a prevailing party may recover, as part of the attorney fee award, the reasonable out-of-pocket expenses incurred by that party's attorney if the expenses "are the type that are normally charged by attorneys to their clients." *West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 395-96 (8th Cir.2003) (holding that travel expenses are recoverable as fees); *Pinkham v. Camex, Inc.,* 84 F.3d 292, 294-95 (8th Cir. 1996) (noting that travel expenses, long-distance calls, faxes, messenger services, and express mail are expenses that an attorney would normally bill to a client and are properly part of an attorney fee award);

*West Virginia Univ. Hosps., Inc. v. Casey,* 499 U.S. 83, 87 n. 3 (1991) (out-of-pocket litigation expenses reimbursable as part of attorney fees).  Investigator fees are recoverable as out-of-pocket expenses that would ordinarily be passed onto the client.  *E.E.O.C. v. CRST Van Expedited, Inc.,* 2010 WL 520564, *16 (N.D. Iowa 2010).  In the Eighth Circuit, computer-aided research is also a component of attorney fees, but must be factored into the attorney's hourly rate and not added to the fee award.  *Standley v. Chilhowee R-IV Sch. Dist.,* 5 F.3d 319, 325 (8th Cir.1993).

Expert witness fees cannot be awarded to a prevailing plaintiff under 42 U.S.C. § 1988 absent explicit Congressional authority for such an award.  *West Virginia Univ. Hosps., Inc.,* 499 U.S. at 102.  Where Congress desires that expert fees be compensated, it must specifically provide so.  *Id.* at 88-92; *Arlington Cent. School Dist. Bd. of Educ. v. Murphy,* 548 U.S. 291, 301-02 (2006).  Congressional authorization for recovery of expert witness fees as part of an attorney fee award is limited to actions to enforce 42 U.S.C. §§ 1981 or 1981a (employment discrimination) and does not include action under § 1983 for vindication of Constitutional rights.  42 U.S.C. § 1988(c); *see Richlin,* 553 U.S. at 583 n.6 (2008).

Costs should generally be awarded to a prevailing party.  Fed. R. Civ. P. 54(d)(1).  Taxable costs under Rule 54 are limited to those costs enumerated in 28 U.S.C. § 1920[3].

---

[3] That statute provides that a judge or clerk of any court of the United States may tax as costs the following:

(1)  Fees of the clerk and marshal;
(2)  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)  Fees and disbursements for printing and witnesses;
(4)  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)  Docket fees under section 1923 of this title;
(6)  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  Further, the statute requires that "[a] bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."  *Id.*

*Crawford v. Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Postage, express mail, travel, meals, and lodging are not compensable under § 1920, but are properly included as part of the reasonable attorney fees. *See Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889-90 (8th Cir.2006) ("Section 1920 does not authorize taxing Smith for the defendants' postage and delivery expenses."); *Pinkham,* 84 F.3d at 294-95 (out-of-pocket expenses included in attorney fees).

    B. Analysis

The court first finds that the plaintiff is a prevailing party in this action. The plaintiff has achieved an excellent result and should receive a fully compensatory fee. She has obtained all the relief she sought. The claim on which she did not prevail was inextricably related to the other claims. The failure-to-train claim involved the same evidence as the failure to implement suicide prevention practices claim and the damages for both claims would have been coextensive. The court finds that it is not necessary to adjust the fee award for any diminished level of success.

Civil rights cases in general, and "deliberate indifference" cases in particular, are difficult to prove and considerable skill, expertise, and persistence are required to successfully litigate such cases. This case was hotly contested and involved extensive discovery, numerous motions, and ultimately, a lengthy trial. The court finds the number of hours spent on this case by plaintiff's counsel was reasonable in view of the complexity of the case and the defendants' vigorous defense. The court finds no unnecessary duplication of efforts by attorneys and paralegals. The plaintiff has shown by affidavit that the services of the paralegal were necessary to the case. Use of paralegal assistance in such circumstances is common and may even serve to reduce litigation costs.

Although it may have been necessary for the plaintiff to go through probate to prosecute this lawsuit on behalf of her deceased son, the court has been provided with no authority for the proposition that recovery of attorney fees for an ancillary state court proceeding is within the contemplation of the civil rights fee award statute. The plaintiff's billing records show that 5.6 hours of time at $45.00 an hour were attributable to the probate proceeding, as well as a $41.00 filing fee. The court finds $293.45 for state court probate proceedings should not be included in the fee award.

The court finds, based on the plaintiff's showing and on its familiarity with prevailing rates in this community that fees of $195.00 an hour for an attorney and up to $75.00 an hour for a paralegal or investigator are reasonable. Accordingly, the court finds that the plaintiff should be awarded fees in the amount of $84,649.50 for work performed by attorney Maren Chaloupka and $8,337.50 for work performed by paralegal Riley Platt.

The plaintiff is entitled to recover her reasonable out-of-pocket expenses. However, some of the "advances" sought by the plaintiff as part of the fees are properly regarded as "costs," including witness fees in the amount of $160.00, deposition costs of $5,007.55, a filing fee of $350.00, and photocopying costs of $245.89. These amounts will be awarded separately as taxable costs under 28 U.S.C. § 1920.

Postage and in-house copying are also out-of-pocket expenses that would ordinarily be passed onto the client. Similarly, the work performed by an investigator is properly an element of expenses. The plaintiff has shown that the services and expenses incurred were necessary to the litigation. The court has reviewed plaintiff's submissions and finds the expenses are adequately documented. Under Eighth Circuit precedent, however, the plaintiff cannot recover the cost of Westlaw services or expert witness fees. Westlaw charges of $2,466.28 and expert witness fees of $4,500.00 will not be included in the award

of reasonable expenses. Accordingly, the court will award expenses in the amount of $13,570.31, which includes $2,297.50 for work performed by investigator Ken L. Webber.

IT IS HEREBY ORDERED:

1. The plaintiff's application for an award of attorney fees and costs (Filing No. 193) and renewed application for fees and costs (Filing No. 236) are granted.

2. A judgment in accordance with this Memorandum and Order will issue this date.

DATED this 18th day of November, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief District Court Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.